375 A.2d 158

COMMONWEALTH of Pennsylvania

v.

Harry PHILLIPS, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided June 29, 1977.

John Sughrue, Public Defender, Clearfield, for appellant.

Timothy E. Durant, Assistant District Attorney, and Thomas F. Morgan, District Attorney, Clearfield, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

This appeal arises following the dismissal, after hearing of appellant's petition for post-conviction relief under the Post Conviction Hearing Act (PCHA). Several claims of error are raised on this appeal.

The record shows that appellant was arrested on July 16, 1974 on a burglary charge and incarcerated in the Clearfield County Jail. Subsequently, he escaped from that facility. On September 9, 1974, he was captured and charged with escape. According to testimony adduced at the PCHA hear-

ing, appellant then, represented by counsel, negotiated a plea bargain wherein he agreed to plead guilty to burglary and escape charges in return for a recommendation by the District Attorney's office for a specified sentence. He apparently signed a written guilty plea. When appellant was called before the Court on October 30, 1974, he informed the Court that he wished to withdraw the guilty plea. His request was granted by the Court.

On December 10, 1974, appellant again appeared before the Court for a guilty plea, after further negotiations, by a second defense counsel, resulted in a plea bargain acceptable to the appellant. On that date appellant pleaded guilty to escape, burglary, and criminal trespass charges. He was sentenced to three and a half (3½) to seven (7) years on the escape charge, one (1) to two (2) years on the burglary charges and six (6) to twelve (12) months on the criminal trespass charge, all sentences to be served concurrently. No timely direct appeal was filed from that sentence. Subsequently on June 2, 1975, appellant petitioned the Court for a reconsideration of the sentences imposed. He was granted a hearing on his request. His grounds for such request, as set forth in his petition and raised orally at the hearing were allegations that:

(1) The Commonwealth had reneged on its original plea bargain agreement under which a lesser sentence recommendation was proposed; and

(2) Appellant felt threatened with a very harsh sentence as a result of discussions with jail officials unless he pleaded guilty.

The Court, after consideration, denied the petition for reconsideration of sentence. No timely appeal was taken from that order.

In the instant PCHA appeal, Phillips raises several claims of error with respect to his sentencing. We first review his contention that he was denied his appeal rights when his counsel failed to appeal from the lower court's

denial of his request for reconsideration[1] of sentence. At the PCHA hearing, appellant alleged that he had requested his attorney to appeal from the Court's denial of reconsideration of sentence. His attorney, on the other hand, denied that he had received any request from appellant to pursue any appeal. The lower court found the appellant's testimony, in general, to be lacking in credibility, but apparently credited his attorney with respect to this issue. No abuse of discretion by the court is indicated with regard to this credibility resolution. In these circumstances we must conclude that the lower court correctly found appellant to have waived his appeal rights with respect to this claim.

Appellant next contends that he "suffered prejudice by the Commonwealth" by virtue of the fact that he was prosecuted and received a sentence on an escape charge, while a co-felon[2] in the escape was not prosecuted. In essence appellant seems to be arguing discriminatory prosecution by the Commonwealth. It is well established that a defendant alleging such conduct must prove the element of intentional and purposeful discrimination before a violation of constitutional rights can be shown. See *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1885). The appellant has presented no evidence to establish such an element and the mere failure of authorities to prosecute others similarly situated does not constitute a violation of due process or equal protection rights. *Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). We must therefore reject this claim of prosecutorial misconduct.

In his third assertion on appeal, the appellant maintains he was denied effective trial counsel. It is claimed that there was no exploration of a possible defense to the escape charge based on appellant's contention that he was under the influence of drugs at the time of the escape. At the PCHA hearing, testimony was offered by both the first

1. No claim is raised that appellant suffered in any way from the lack of a direct appeal.

2. Appellant refers to this individual as his "co-defendant".

defense attorney, who represented the appellant on the initial plea which was subsequently withdrawn, and by the second attorney, who represented appellant on the plea which resulted in the instant appeal. It is the testimony of the latter counsel which is germane on this issue and our review of such testimony leads to the conclusion that no denial of effective counsel occurred. This attorney testified he explored such a defense and discussed it with the appellant along with considerations of the possibilities of a more harsh sentence which might be possible if the plea bargain was not accepted and a conviction resulted on the escape charge. Counsel expressed his belief that such conviction would have been likely and that the drug defense would have failed. It is clear that contrary to appellant's contentions, his defense counsel explored the defense of drug influence. There was a reasonable basis in his advice to appellant to enter the guilty plea despite the existence of this possible defense, and this strategic decision by counsel cannot form the basis for a finding of ineffective counsel. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

■ In his final argument, appellant contends that his guilty plea should be invalidated. He maintains that he received threats of a more harsh sentence if he chose to be tried by a jury, rather than pleading guilty. At the PCHA hearing, the appellant and another prisoner, who testified on appellant's behalf, both related that a warden at the county prison tried to get the appellant to plead guilty. In doing so, this official allegedly advised the appellant that he might get a harsh sentence if he elected to seek a jury trial on the escape charge rather than entering a guilty plea. A fair reading of the testimony concerning that episode clearly indicates that the official in question was offering advice and a prediction to appellant, and certainly not a threat of conduct to affect the appellant's sentence which might follow either trial or a guilty plea. As a matter of fact, appellant testified that the only other person who indicated he might expect a lengthy sentence if he chose trial was his

second defense counsel. At the time of sentencing, appellant, although given an opportunity to express questions or complaints, mentioned nothing of his alleged conversation with the warden, but on the other hand only noted satisfaction with the representation he had received from defense counsel. In light of all of these circumstances, and in view of the failure of the PCHA court to credit any of the appellant's testimony, we must reject his final claim of error.[3]

Affirmed.

---

**3.** It could well be held that this claim of "official threats" was previously finally litigated, within the meaning of Section 4 of the PCHA (19 P.S. § 1180–4) since the identical argument was raised by appellant during the hearing on his aforementioned Petition for Reduction of Sentence.