486 A.2d 962

**COMMONWEALTH of Pennsylvania**

v.

**Donald GRADY, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 20, 1984.

Filed Dec. 28, 1984.

Joshua D. Lock, Harrisburg, for appellant.

Katherine E. Holtzinger, Michael L. Rozman, Deputy District Attorneys, Harrisburg, for Com., appellee.

Before WICKERSHAM, WIEAND and HESTER, JJ.

WIEAND, Judge:

The question presented by this appeal is whether the legislature's addition of a recidivist section to the "drunk driving law," 75 Pa.C.S. § 3731(e)(1)(ii),[1] is unconstitutional as a violation of the proscriptions against ex post facto laws found in Art. 1, § 10 of the United States Constitution and Art. 1, § 17 of the Pennsylvania Constitution. We hold that the amendment is constitutional.

The facts are simply stated. In November, 1976, Donald Grady entered a guilty plea to driving while under the influence of alcohol in violation of Section 1037 of the Motor Vehicle Code of 1959, 75 P.S. § 1037. In 1983, Grady was again convicted of driving while under the influence of alcohol. This time, however, his offense was a violation of 75 Pa.C.S. § 3731. This section, in subparagraph (e)(1)(ii), required a mandatory minimum term of imprisonment of not less than thirty days for a defendant who had been convicted of the same or a similar offense within the previous seven years.[2] Grady was accordingly sentenced to

1. The amendment became effective January 15, 1983.

2. 75 Pa.C.S. § 3731(e)(1) provides:

Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

(i) not less than 48 consecutive hours.

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iii) not less than 90 days if the person has twice previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(iv) not less than one year if the person has three times previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

a minimum term of thirty days imprisonment in addition to a fine. On appeal, he argues as he did at trial, that 75 Pa.C.S. § 3731(e)(1)(ii) is constitutionally infirm as an ex post facto law.

■ At the outset, we observe that the statutory provision is beneficiary of a strong presumption of constitutionality. *Commonwealth v. Mikulan*, 504 Pa. 244, 247, 470 A.2d 1339, 1340 (1983); *Snider v. Thornburgh*, 496 Pa. 159, 166, 436 A.2d 593, 596 (1981). One who challenges the constitutionality of a statute bears a heavy burden. *Commonwealth v. Mikulan, supra* 504 Pa. at 247, 470 A.2d at 1340. The courts may refuse to enforce a statute only if it clearly, palpably, and plainly violates the Constitution. *Id.; Snider v. Thornburgh, supra* 496 Pa. at 166, 436 A.2d at 596. A review of the purposes to be achieved by constitutional provisions proscribing ex post facto laws compels the conclusion that § 3731(e)(1)(ii) is not a prohibited law.

■ The constitutional provision prohibiting ex post facto laws serves as a limitation on the legislature. It is a proscription which attempts "to preserve for persons the right to fair warning that their conduct will give rise to criminal penalties." *Commonwealth v. Hoetzel*, 284 Pa.Super. 623, 630, 426 A.2d 669, 672 (1981). It has been said that a law will be found constitutionally infirm on grounds that it is an ex post facto law only where one of the following effects is present:

1.  The law makes an act criminal which was not criminal when done;
2.  The law aggravates a crime [—] one which makes it greater than it was when committed;
3.  The law changes a punishment, and makes it greater than it was when a punishable act was committed;
4.  The law alters the rules of evidence and requires less or different testimony than the law required at the time the offense was committed in order to be convicted.

*Commonwealth v. Hoetzel, supra,* 284 Pa.Superior Ct. at 630, 426 A.2d at 672, citing *Commonwealth v. Riley,* 253 Pa.Super. 260, 264, 384 A.2d 1333, 1335 (1978).

The enactment of 75 Pa.C.S. § 3731(e)(1) did not make criminal an act which had previously been lawful. Similarly, it did not alter the rules of evidence to require less or different testimony in order to convict. Can it be said, then, that the amendment to the Vehicle Code aggravated the crime which appellant had committed in 1976 or enlarged the punishment therefor? We think not. Appellant has already been sentenced for his 1976 offense; that sentence cannot be increased by virtue of the amendment to the Vehicle Code. The amendment did not authorize or even permit an additional or increased sentence for the 1976 offense. When appellant committed a second offense on March 5, 1983, the punishment for that second offense had already been prescribed by statute. Appellant then knew or should have known the punishment which the legislature had mandated for a second offense. The statutory amendment, which provided a heavier sentence for a second offense, was not constitutionally infirm merely because it required a sentencing court to consider a conviction which had occurred before the new law went into effect.

Recidivist statutes have been adopted for a number of reasons: because the previous punishment failed to work the reform for which it was intended, *Moore v. Missouri,* 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895); to punish more severely those whose criminal activities have not been deterred by former convictions, *Funk v. State,* 427 N.E.2d 1081 (Ind.1981); to warn first offenders and deter their criminal tendencies, 39 Am.Jur.2d, Habitual Criminals and Subsequent Offenders, § 3 (1968 & Supp.1984); and to rid communities of the depravity of unreformed criminals, *id.* Their validity has generally been upheld. See: *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) (as applied to the property-related felonies of fraudulent use of a credit card, passing a forged check, and felony theft for obtaining money by false pretenses); *Spencer v. Texas,*

385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606, *reh. denied,* 386 U.S. 969, 87 S.Ct. 1015, 18 L.Ed.2d 125 (1967) (as applied to murder, robbery and burglary); *McDonald v. Massachusetts,* 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901) (as applied to forging and uttering a forged order for money); and *Moore v. Missouri,* 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895) (as applied to burglary).

In *Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1947), *reh. denied,* 335 U.S. 837, 69 S.Ct. 13, 93 L.Ed. 389 (1948), the Supreme Court of the United States considered the Pennsylvania Habitual Criminal Act[3] and concluded, "[n]or do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy." 334 U.S. at 732, 68 S.Ct. at 1258, 92 L.Ed.2d at 1687. See also: *United States v. Ilacqua,* 562 F.2d 399 (6th Cir.1977); 39 Am.Jur.2d, Habitual Criminals and Subsequent Offenders, §§ 1–5 (1968 & Supp.1984).

Relying on *Gryger v. Burke, supra,* a Texas court in *Gomez v. State,* 162 Tex.Crim. 30, 280 S.W.2d 278 (1955) considered the validity of a statute requiring enhanced punishment for a second conviction under the Uniform Narcotics Drug Act. There the prior conviction had occurred before the effective date of the statutory amendment providing for increased punishment for a second, third or subsequent conviction. The validity of the statute was upheld. The same result was achieved in *Funk v. State,* 427 N.E.2d 1081, 1087 (Ind., 1981), where the court specifically noted, "[a]ppellant was not punished for having committed the prior crimes that occurred before the statute went into effect."

Factually on all fours with the instant case is *State v. Levey,* 122 N.H. 375, 445 A.2d 1089 (1982). There Ms. Levey had pleaded guilty in July, 1981 to driving while under the influence. At that time the statute permitted a

3. Penal Code of 1939, section 1108, 18 P.S. § 5108.

jail sentence, although Ms. Levey did not receive one. In August, 1981, an amendment became effective which made jail mandatory for a conviction of a second or subsequent offense. One month later, in September, Ms. Levey was convicted a second time for driving while under the influence of alcohol. The Supreme Court of New Hampshire responded to an ex post facto argument by Ms. Levey and concluded:

> The amendment to [the statute] did not increase the penalty imposed on offenses predating the effective date of the statute. Rather, the amendment created a penalty for an offense that would necessarily take place in the future. *Merely allowing a conviction obtained before the amendment to be used in the assessment of the penalty for a subsequent offense does not violate the constitutional prohibition against ex post facto laws.*
>
> .     .     .     .     .
>
> As of the effective date of the 1981 amendment ... the defendant was on notice as to what would happen if she were again convicted of driving while intoxicated. The penalty she faces if convicted will not result from the legislation, but rather from her own acts which took place after the effective date of the legislation.

*Id.* at 378–79, 445 A.2d at 1090–1091 (emphasis supplied).

We agree with this analysis by the Supreme Court of New Hampshire. The Pennsylvania recidivist section to the "drunk driving law" is not violative of constitutional provisions proscribing ex post facto laws. See also: *Danks v. State,* 619 P.2d 720, 722 (Alaska 1980); *Sims v. State,* 262 Ark. 288, 556 S.W.2d 141 (1977); *State ex rel. Van Natta v. Rising,* 262 Ind. 33, 310 N.E.2d 873 (1974); *State v. Willis,* 332 N.W.2d 180 (Minn.1983); *State v. Phillips,* 154 N.J.Super. 112, 380 A.2d 1197 (1977), *aff'd,* 169 N.J.Super. 452, 404 A.2d 1270 (1979). Cf. *State v. Acton,* 665 S.W.2d 618, 620 (Mo.1984) (en banc); *State v. Rollinger,* 314 N.W.2d 871 (S.D.1982).

The judgment of sentence is affirmed.