488 A.2d 293

**COMMONWEALTH of Pennsylvania**

v.

**Rigoberto C. HERNANDEZ, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 15, 1984.

Filed Feb. 1, 1985.

34

36

William C. Costopoulos, Lemoyne, for appellant.

R. Scott Cramer, District Attorney, New Bloomfield, for Commonwealth, appellee.

Before WICKERSHAM, JOHNSON and HOFFMAN, JJ.

WICKERSHAM, Judge:

On February 5, 1983 at approximately 7:15 p.m., a car driven by appellant Rigoberto Hernandez was involved in a head-on collision with another car on Route 850 in Perry County. The driver of the second car, Kathy Kenee, age 20, died as a result of the collision. Evidence produced at trial showed that appellant was traveling in excess of the speed limit and had crossed the center line into the victim's lane of traffic. Appellant's blood alcohol content tested at .26%. Appellant was charged with involuntary manslaughter, 18 Pa.C.S. § 2504(a); homicide by vehicle, 75 Pa.C.S. § 3732; homicide by vehicle while driving under the influence, 75 Pa.C.S. § 3735(a); driving under the influence while impaired, 75 Pa.C.S. § 3731(a)(1); driving under the influence—.10%, 75 Pa.C.S. § 3731(a)(4); and operation of a vehicle with suspended or revoked license, 75 Pa.C.S. § 1543(a).

On March 18, 1983, the Honorable Keith B. Quigley denied appellant's pre trial motion to dismiss the charges brought under the New Drunk Driving Law on constitutional grounds. In June of 1983, a jury found appellant guilty of all counts. Post trial motions were filed and denied, and

on July 15, 1983, appellant was sentenced to the following terms of imprisonment: three (3) to seven (7) years on the homicide by vehicle while driving under the influence conviction; two and one-half (2½) to five (5) years on the involuntary manslaughter conviction; two and one-half (2½) to five (5) years on the homicide by vehicle conviction; and one (1) to two (2) years on the driving under the influence while impaired conviction.[1] A motion to modify sentence based on constitutional issues was filed and denied. This appeal timely followed.

Appellant raises a number of issues[2] addressing the constitutionality of the New Drunk Driving Law.[3]

Our analysis begins with the strong presumption of constitutionality and the heavy burden of pursuasion [sic] upon one who challenges the constitutionality of an Act

1. The lower court did not sentence appellant on the driving under the influence—.10% conviction, because it felt that the two driving under the influence convictions merged.

2. Appellant frames the questions involved as follows:

A. Whether the mandatory three year sentence imposed on persons convicted of "homicide by vehicle while driving under the influence" and the mandatory minimum sentence of 48 consecutive hours in jail imposed on those convicted of a first offense of "driving under the influence of alcohol" are unconstitutional.

B. Whether the mandatory minimum sentence of 48 consecutive hours in jail for persons convicted of a first offense of "driving under the influence of alcohol" impinges upon, provides coercion against, and penalizes the free exercise of the constitutional right to trial by jury by denying the alternative disposition of charges by Accelerated Rehabilitaiton [sic] Disposition to defendants who elect a trial by jury and are subsequently convicted.

C. Whether the "Per Se Drunk Rule at .10%," which established as a violation of law any act of driving a vehicle while having a .10% or higher BAC, is unconstitutional.

D. Whether the prohibition against reduction or modification by district magistrates of charges brought under the New Drunk Driving Law is facially unconstitutional as a violation of separation of powers and a denial of due process.

E. Whether the enhancement of punishment that accompanies a prior conviction for drunk driving applies to convictions under laws in force prior to the effective date of the New Drunk Driving Law and [is] therefore unconstitutional.

Brief for Appellant at 4.

3. Act of December 15, 1982, P.L. 1268, No. 289, §§ 9–11; 75 Pa.C.S. §§ 3731, 3732, 3735.

of the General Assembly. *Snider v. Thornburgh*, 496 Pa. 159, 166, 436 A.2d 593, 596 (1981); *Commonwealth v. Barnes and Tucker Co.*, 472 Pa. 115, 123, 371 A.2d 461 (1977), *appeal dismissed* 434 U.S. 807, 98 S.Ct. 38, 54 L.Ed.2d 65 (1977). Accordingly, legislation will not be declared unconstitutional unless it "clearly, palpably and plainly" violates the constitution. *Snider v. Thornburgh, supra; Tosto v. Pennsylvania Nursing Home Loan Agency*, 460 Pa. 1, 16, 331 A.2d 198 (1975).

*Commonwealth v. Mikulan*, 504 Pa. 244, 247, 470 A.2d 1339, 1340 (1983).

Appellant's first attack on the New Drunk Driving Law [hereinafter referred to as the "New Law"] concerns its mandatory sentencing provisions. The New Law establishes several mandatory sentences. In the instant case, appellant received a mandatory minimum sentence of three years imprisonment for his conviction on the charge of homicide by vehicle while driving under the influence. *See* 75 Pa.C.S. § 3735(a). There are also a number of mandatory minimum sentences, one of which applied to appellant, for driving under the influence convictions. *See* 75 Pa.C.S. § 3731(e)(1). Appellant urges us to declare these mandatory sentencing provisions unconstitutional for five different but closely related reasons.

 First, appellant argues that by setting the penalties to be imposed under the New Law, the legislature has violated the separation of powers doctrine; sentencing of convicted criminals is for the judiciary and not the legislature. We agree with appellant that while some overlap of functions between the branches of government is inevitable, certain aspects of each branch must remain wholly apart from the control of the others. *See In re 42 Pa.C.S. § 1703*, 482 Pa. 522, 394 A.2d 444 (1978) (power to make rules is that of judiciary alone). Nevertheless, there is a basic distinction between criminal rights which are "procedural," over which the judiciary has exclusive and express constitutional authority, and rights which are "substantive," over which the legislature has the power to declare

what acts are crimes and to prescribe the punishment for their commission. *See Commonwealth v. Sorrell,* 500 Pa. 355, 456 A.2d 1326 (1982); *Commonwealth v. Wharton,* 495 Pa. 581, 435 A.2d 158 (1981). Although it is the judiciary's function to impose sentences upon conviction, it is for the legislature to establish criminal sanctions, and, as one of its options, it may prescribe a mandatory minimum term of imprisonment.

Bearing this distinction in mind, we find no significant difference in the language or rationale of the mandatory sentencing provisions in sections 3731(e)(1) and 3735 and the mandatory sentencing provisions in 18 Pa.C.S. § 1102 and 42 Pa.C.S. § 9711 (sentences for murder), or 18 Pa.C.S. § 2704 (sentence for assault by life prisoner). The constitutionality of the latter statutes have been upheld on numerous occasions. *See Commonwealth v. Waters,* 334 Pa.Super. 513, 483 A.2d 855 (1984); *Commonwealth v. Zettlemoyer,* 500 Pa. 16, 454 A.2d 937 (1982), *cert. denied,* 461 U.S. 970, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983); *Commonwealth v. Sourbeer,* 492 Pa. 17, 422 A.2d 116 (1980); *Commonwealth v. Middleton,* 320 Pa.Super. 533, 467 A.2d 841 (1983); *Commonwealth v. Dessus,* 262 Pa.Super. 443, 396 A.2d 1254 (1978); *Commonwealth v. Bryant,* 239 Pa.Super. 43, 361 A.2d 350 (1976). It is neither new nor unique that the legislature has prescribed mandatory sentences.[4] We find no unconstitutional violation of separation of powers herein. "[T]he selection of the [mandatory sentence], being a legislative determination, carries a strong presumption of validity, and of constitutionality." *Commonwealth v. Middleton, supra* 320 Pa.Super. at 544, 467 A.2d at 846.

Second, appellant argues that the mandatory sentencing provisions of the New Law impose cruel and un-

---

4. We are aware of numerous other provisions in which the legislature has determined mandatory sentences to be appropriate and that have not been challenged on constitutional grounds. For example, see 42 Pa.C.S. §§ 9712 (offenses committed with firearms); 9713 (offenses committed on public transportation); 9714 (second and subsequent offenses); 9715 (homicide); 9717 (offenses against elderly persons); and 9718 (offenses against infant persons).

usual punishment in that convicted persons are automatically sentenced to prison terms for "unintentional" crimes. Our supreme court has concluded that the ultimate punishment for a crime—death—does not constitute cruel and unusual punishment. *Commonwealth v. Zettlemoyer, supra.* Nor is mandatory life imprisonment for first degree murder or assault by a life prisoner cruel and unusual punishment. *Commonwealth v. Waters, supra; Commonwealth v. Sourbeer, supra; Commonwealth v. Dessus, supra.*

> [T]he Pennsylvania prohibition against "cruel punishment", like its federal counterpart against "cruel and unusual punishment", is not a "static concept. As Mr. Chief Justice Warren said, in an oft-quoted phrase, '[t]he [Eighth] Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.' " *Gregg v. Georgia,* [428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859, 874 (1976)], *quoting Trop v. Dulles,* 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958) (plurality opinion). We believe that the most accurate indicators of those "evolving standards of decency" are the enactments of the elected representatives of the people in the legislature.

> . . . .

> "[I]n a democratic society legislatures, not courts, are constituted to respond to the will and consequently the moral values of the people." *Gregg v. Georgia, supra* 428 U.S. at 175–76, 96 S.Ct. at 2926–2927, *quoting Furman v. Georgia, supra,* 408 U.S. at 383, 92 S.Ct. at 2800.

*Commonwealth v. Zettlemoyer, supra* 500 Pa. at 74–75, 454 A.2d at 967–68. Our legislature has determined that the current "standards" of decency are met by mandatory sentencing for convictions under the New Law. *See* Lower ct. op. at 2–4; *Congini v. Portersville Valve Co.,* 504 Pa. 157, 166–68, 470 A.2d 515, 520–21 (1983) (dissenting opinion by Zappala, J.). Also, the mandatory sentences are not disproportionate to the gravity of the problems caused, even

if unintentionally, by drunk drivers on our highways. *Compare Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980) (upholding the constitutionality of 42 Pa.C.S. § 3732, which imposes criminal liability for unintentional causation of death). The statutes do not impose a penalty so out of proportion to the crimes as to shock a balanced sense of justice.

Third, appellant argues that imposition of the mandatory sentences also violates due process since the individual is denied an opportunity to set forth any mitigating circumstances and is thus deprived of an opportunity to be heard. This same argument was offered and rejected in discussing the constitutionality of the mandatory life sentence imposed in *Commonwealth v. Cornish*, 471 Pa. 256, 370 A.2d 291 (1977) and *Commonwealth v. Waters, supra.* We reject it also. The foundation of due process is the protection of the individual against arbitrary action of the government. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Although the provisions of the New Law state mandatory minimum sentences, there is room for consideration of ameliorative factors in determining the precise sentence between that minimum and the maximum allowed under the Sentencing Code, 18 Pa.C.S. § 1101 *et seq.* "[T]he Eighth Amendment requirement for individualized consideration of offender and crime in capital cases has not been extended to noncapital offenses." *Commonwealth v. Waters, supra* 334 Pa.Super. at 526, 483 A.2d at 861.

The problems caused by drunk drivers in our Commonwealth is well documented. *See,* Governor's DUI Task Force Report (October 14, 1982, Harrisburg). We cannot say that an obligatory prison term under 75 Pa.C.S. §§ 3731 or 3735 lacks a rational relationship to the public policy, voiced by our legislature, of reducing the number of fatalities, injuries, and accidents caused by drunk drivers. The fixing of an adequate penalty is properly a matter of legislative concern. The legislature defines the contours of a crime, sets the limits for punishment, and provides for

implementing and administering the penal system. It is not our place to interpose constitutional limitations where none need be found. In the instant case, each sentence imposed was within the range of statutory limits under the Sentencing Code. We find that due process of law is not violated when courts accede to legislative authority to frame a coherent statutory scheme for the administration of sentencing for certain criminal offenses. The mandatory sentencing provisions, designed by the legislature to protect human life and property, represent sound public policy, are reasonably related to the ends sought to be accomplished, and are not constitutionally impermissible.

Appellant's fourth argument is closely related. He contends that the mandatory sentences deny equal protection since the provisions treat similarly situated persons unequally, with no rational basis for the different treatment. Specifically, appellant points to the inequality of treatment of a drunken driver who kills another person and is thus subject to a mandatory jail sentence, and a drunken non driver who kills someone but is not subject to a mandatory jail sentence.

A classification distinguishing between those persons subject to the provisions of the Vehicle Code and those not subject to the Code is not a suspect classification. Under the equal protection clause of the fourteenth amendment, the test of the validity of a statutory classification which does not affect with particularity a "suspect class" is whether the classification bears a rational relationship to a legitimate state interest. *Commonwealth v. Hicks*, 502 Pa. 344, 466 A.2d 613 (1983), *appeal dismissed*, — U.S. —, 104 S.Ct. 1260, 79 L.Ed.2d 668 (1984). The classification herein is rationally related to a legitimate state interest, i.e., safety on the highways of our state. The creation of a class of persons who drive on public highways with a certain level of alcohol in their blood is neither irrational nor arbitrary. The New Law's purpose is to decrease automobile accidents and injuries by imposing a penalty upon those who have shown that they are most likely to cause these

accidents. By singling out a convicted drunk driver for mandatory sentencing, our legislature has merely addressed itself to a problem urgently requiring remedial action. The deterrence of the misuse of alcohol by drivers is a legitimate governmental interest and the imposition of a mandatory minimum sentence bears a rational relationship to that goal.

■■■■■ In his final attack on the mandatory sentencing provisions, appellant claims that the New Law is unconstitutional because it places excessive and unreviewable discretion in the hands of the prosecuting authority. Appellant argues that if a prosecutor does not wish to see a certain defendant subjected to the mandatory penalties of the New Law, he or she may elect to proceed against that defendant under a different section of the Vehicle Code. This is a slightly different argument than that made in *Commonwealth v. Kindness*, 247 Pa.Super. 99, 371 A.2d 1346 (1977), in which our court held that the discretion of the prosecutor to move or not to move for A.R.D. in a particular drunk driving case does not constitute an improper delegation of the sentencing power.[5] Nevertheless, we find the language in *Kindness* concerning the discretion of the prosecutor to be applicable herein. Prosecutorial discretion, in and of itself, is not unconstitutional. A prosecutor, especially since the abolition of the grand jury, is vested with considerable discretion in deciding who will or will not be charged. We agree with the lower court that

> [a] person charged is either guilty or not guilty. The risk that someone will be charged who should not be charged is not of serious concern because of the safeguard of a trial. The risk that someone will not be charged who should be charged is not greater or lesser now than it was before this [New Law].

5. We note that a number of cases from Bucks, Chester, Allegheny, and Lycoming Counties are currently pending in our court which question the discretion of the various prosecutors to refuse to recommend a DUI defendant for A.R.D. under the New Law. We offer no opinion herein as to that issue.

Lower ct. op. at 4. The fact that a prosecutor fails to prosecute others similarly situated does not constitute a violation of due process or equal protection and does not render a law or the prosecutor's conduct unconstitutional. *Commonwealth v. Phillips*, 248 Pa.Super. 400, 375 A.2d 158 (1977).

Appellant's second attack on the New Law concerns the constitutionality of the mandatory minimum sentence of 48 hours in jail for convicted first offenders under section 3731. Appellant argues that this section exacts a penalty for the free exercise of a defendant's right to trial by jury because if that defendant chooses to stand trial, he or she must waive the opportunity to enter the A.R.D. program, which is only available to those who do not request trial by jury. In the instant case, appellant was charged with two counts of driving under the influence. Even assuming, *arguendo*, that appellant was a first offender under this section, we find that this issue does not arise from appellant's situation. The alternative disposition of this case by use of A.R.D. was never available to appellant due to the death of Ms. Kenee. Section 3731(d)(3) prohibits the prosecuting attorney from submitting a charge for A.R.D. if "an accident occurred in connection with the events surrounding the current offense and any person, other than the defendant, was killed or seriously injured as a result of the accident." The accident in which appellant was involved resulted in the death of Ms. Kenee. Therefore, appellant was not faced with the choice of trial by jury or A.R.D., because A.R.D. was never available to him. We will not decide abstract propositions of law that are not necessary to the disposition of actually pending controversies, especially abstract questions which raise constitutional issues. *See In re Gross*, 476 Pa. 203, 382 A.2d 116 (1978); *Wortex Mills, Inc. v. Textile Workers Union*, 369 Pa. 359, 85 A.2d 851 (1952).

Appellant's third attack on the constitutionality of the New Law involves the per se drunk at .10% rule of 75

Pa.C.S. § 3731(a)(4).[6] Appellant argues that this section, which makes it a crime to drive under the influence of alcohol if the amount of alcohol by weight in a person's blood is .10% or greater, is unconstitutional for several reasons: no rational basis exists for applying the rule to all persons; the rule is vague and uncertain because it fails to provide persons with reasonable notice of the conduct proscribed; and the rule derogates the Commonwealth's constitutionally mandated burden of proof beyond a reasonable doubt and is a conclusive presumption.[7] Our Supreme Court has recently addressed the due process and vagueness arguments in *Commonwealth v. Mikulan, supra,* declaring that section 3731(a)(4) is neither void for vagueness nor offends due process. The court in *Mikulan,* however, did not address the issue of the burden of proof or conclusive presumption.

75 Pa.C.S. § 1547(d) details the applicable presumptions permissible for the amount of alcohol in a driver's body as determined by chemical testing. If, for example, the B.A.C. (blood alcohol content) tests at .05% or less, it is presumed that the driver was not under the influence and he or she

6. Other jurisdictions that have addressed the constitutionality of similar drunk driving laws have upheld such laws. *See e.g. Burg v. Municipal Court,* 144 Cal.App.3d 169, 192 Cal.Rptr. 531 (1983), *cert. denied, appeal dismissed,* —— U.S. ——, 104 S.Ct. 2337, 80 L.Ed.2d 812 (1984); *Coxe v. State,* 281 A.2d 606 (Del.Sup.1971); *Roberts v. State,* 329 So.2d 296 (Fla.1976); *State v. Basinger,* 30 N.C.App. 45, 226 S.E.2d 216 (1976); *State v. Gerdes,* 252 N.W.2d 335 (S.D.1977); *Greaves v. State,* 528 P.2d 805 (Utah 1974); *State v. Franco,* 96 Wash.2d 816, 639 P.2d 1320 (1982); *State v. Ball,* 264 S.E.2d 844 (W.Va.1980). For a comprehensive list of the per se drunk provisions of other states, *see* Comment, *The New Pennsylvania Drunk Driving Law: Last Call for One-for-the-Road Era,* 87 Dick.L.Rev. 805, 834 n. 258–59 (1983).

7. Appellant appears to raise a fourth theory—that the rule violates equal protection because the classification it creates does not have a fair relationship to the object of the legislation. However, based upon our review of the record, this particular theory was neither advanced in pre-trial nor post-trial motions; nor was it addressed by the lower court in its opinion. We cannot review a case upon a theory different from that upon which it was presented to the court below, or raised for the first time on appeal. *Commonwealth v. Isabell,* 503 Pa. 2, 467 A.2d 1287 (1983); *Commonwealth v. Cohen,* 270 Pa.Super. 90, 410 A.2d 1264 (1979); *Commonwealth v. Waters,* 248 Pa.Super. 123, 374 A.2d 1348 (1977).

cannot be charged with any violation under section 3731(a)(1) or (4). Should the B.A.C. be more than .05% but less than .10%, such result does not give rise to any presumption but is merely one piece of evidence to be considered. The old presumption of driving under the influence if the B.A.C. is .10% or more has been eliminated under the New Law and now a B.A.C. of .10% or greater "may be introduced into evidence if the person is charged with violating section 3731." 75 Pa.C.S. § 1547(d)(3). Furthermore, a refusal to submit to chemical testing may be introduced into evidence, but does not give rise to a presumption. 75 Pa.C.S. § 1547(e). Finally, none of the previous sections limit the introduction by either side of any other competent evidence bearing upon whether the defendant was under the influence. 75 Pa.C.S. § 1547(f). *See generally Commonwealth v. Griscavage*, 336 Pa.Super. 141, 485 A.2d 470 (1984).

Appellant argues that the New Law establishes a new offense—that of driving with a .10% or greater B.A.C.—and effectively erects a conclusive presumption of driving under the influence, shifting the burden to the defendant. We note that there is no longer a "presumption" of driving under the influence when a defendant registers a B.A.C. or .10% or more. Even under the two previous drunk driving laws in effect before January 14, 1983, however, what the statutes referred to as a "presumption" was, strictly speaking, only a standardized permissible inference.[8] *See Commonwealth v. DiFrancesco*, 458 Pa. 188, 329 A.2d 204 (1974).

> [W]here the presumed fact comprises an element of the crime charged, the inference authorized by a presumption can never be compelled by the court. *See generally Commonwealth v. Turner*, 456 Pa. 116, 317 A.2d 298 (1974).
>
> \* \* \* \* \* \*

Of course a permissible inference may affect the burden of production in the practical sense that it increases

8. 75 P.S. § 624.1(c) and 75 Pa.C.S. § 1547(d).

the risk that a defendant who fails to produce countervailing evidence may suffer an adverse verdict. In this sense, the evidence forming the basis of a statutory inference functions no differently from the other evidence in the prosecution's case: the stronger the evidence against a defendant the greater will be the pressure on him to come forward with evidence in his own defense. It is in this loose, practical sense that courts and legislatures occasionally speak of shifting a burden to the defendant in a criminal case.

*Id.*, 458 Pa. at 193–194 n. 3, 329 A.2d at 208 n. 3.

■ *DiFrancesco* went on to hold that the constitutionality of a standardized permissible inference invoked to establish an essential element of the crime charged must be judged by the reasonable doubt standard. The *DiFrancesco* court found that the permissible inference created by the old driving under the influence laws did satisfy the reasonable doubt standard. We have no doubt that the studies supporting the inference of driving under the influence at .10% or greater under the old laws also support an inference of driving under the influence at .10% or greater under the New Law. The legislature in both cases considered evidence demonstrating that, in virtually all drivers, driving ability is significantly affected by a B.A.C. of .10% or more. *See Commonwealth v. Mikulan, supra,* and *Commonwealth v. DiFrancesco, supra.* "It 'is now virtually universally accepted that a person with a [blood alcohol percent] of 0.10 should not be driving.' " *Commonwealth v. Mikulan, supra* 504 Pa. at 249, 470 A.2d at 1341, *citing Burg v. People,* 144 Cal.App.3d 169, 192 Cal.Rptr. 531, 534 (1st Dist.1983). We find that the .10% rule does nothing more than specify a quantum of evidence which is legally sufficient to sustain proof of this element of the crime. So long as the connection between the test results and the "presumed" fact of being under the influence meets the required standard of rationality under the due process clause, the statute passes constitutional muster. *Common-*

*wealth v. DiFrancesco, supra,* 458 Pa. at 194, 329 A.2d at 208.

 Appellant's fourth attack on the constitutionality of the New Law involves the prohibition against reduction or modification by district justices of the charges brought against a defendant under 75 Pa.C.S. § 3731. Section 3731(f) states that the district justice "shall not reduce or modify the original charges." Appellant claims that this section is facially unconstitutional as a violation of separation of powers because it forces the district justice to bind over for trial cases for which a prima facie case has not been made out.

Preliminary arraignments and hearings are governed by Rules 140–149 of the Pennsylvania Rules of Criminal Procedure. The district justice is directed either to discharge the defendant if a prima facie case against him or her is not established at the preliminary hearing (Rule 141(d)), or to hold the defendant for court if a prima facie case against him or her is established (Rule 143(a)). Under the Rules of Criminal Procedure, there is no right in the district justice to change any of the charges. At the preliminary hearing, the district justice's job is merely to determine the existence or non-existence of a prima facie case.[9] We see no conflict between these two alternatives available to the district justice and the provision of section 3731(f). The New Law does not prohibit the district justice from dismissing the case if a prima facie case is not established; it simply prohibits *reduction* or *modification* of the original charges. While one could view a dismissal of the charges as the ultimate reduction, we do not think that the legislature intended such an interpretation.

We agree with the lower court's reasoning that:

9. Pa.R.Crim.P. 145 does provide for dismissal of a non-forceful misdemeanor upon satisfaction or agreement, but the rule is basically designed to effect civil compromises between affected individuals so that substantial justice is achieved and the parties achieve mutual satisfaction. It is not applicable to the case herein.

[a] possible effect of (f) is to make it clear that the legislature considers its peace and dignity to be adversely affected by a violation of these amendments. The Commonwealth is clearly an affected or aggrieved party. It has directed by this legislation that it does not want cases of this nature settled except by full and complete judicial proceedings. Since the Commonwealth, an affected party, is not willing to agree to a settlement, just as an aggrieved individual may well not be willing to agree to such a settlement, the authority of the district justice to do anything but simply look for the existence of a prima facie case is non-existent.

Lower ct. op. at 7. We do not find any conflict between section 3731(f) and the Supreme Court Rules on the subject. We find the statute to be entirely consistent with standard criminal procedures. Therefore, we do not find section 3731(f) to be unconstitutional.

 Appellant's final challenge to the New Law involves the enhancement provisions of section 3731(e). The New Law establishes penalties for section 3731 offenses based upon the number of prior D.U.I. convictions. In the instant case, appellant's conviction of driving under the influence was considered to be his second conviction, because he had a previous D.U.I. conviction under a prior drunk driving law. He was thus subject to section 3731(e)(1)(ii), which mandates a minimum mandatory 30 day imprisonment.[10] Appellant argues that this enhancement provision is an unconstitutional violation of due process and constitutes an unconstitutional ex post facto law, because it applies to convictions under laws in force prior to the effective date of the New Law.

This court has already considered the argument that it is improper for the trial court to consider pre January 14, 1983 D.U.I. offenses in applying the mandatory provisions of the New Law and we have found it to be unpersuasive. In *Commonwealth v. Grady*, 337 Pa.Super. 174, 486 A.2d 962

10. If he had been considered a first offender, he would have been subject to the 48 hour imprisonment provision of section 3731(c)(1)(i).

(1984), we held that the use of such prior convictions is not unconstitutional. Referring to the same provision of the law that appellant questions, section 3731(e)(1)(ii), we said: "The Pennsylvania recidivist section to the 'drunk driving law' is not violative of constitutional provisions proscribing ex post facto laws." *Commonwealth v. Grady*, supra 337 Pa.Super. at ——, 486 A.2d at 966.

From the foregoing, it is clear that appellant's constitutional objections to the New Law, and therefore to his sentence, must fail. "The legislature, pursuant to its broad police powers to regulate the use of the highways and alcoholic beverages, has infringed upon no constitutionally guaranteed rights or privileges and has clearly and precisely enumerated ascertainable standards of conduct." *Commonwealth v. Mikulan, supra* 504 Pa. at 261, 470 A.2d at 1347.

We cannot affirm the judgment of sentence as it now stands, however. Among appellant's various sentences were the following two: a two and one half to five year sentence for involuntary manslaughter and a two and one half to five year sentence for homicide by vehicle. Based upon our review of the relevant case law, we are constrained to hold that these two sentences cannot stand.[11] Our supreme court has clearly held that under the constitutional prohibitions against double jeopardy, "punishment for homicide by vehicle cannot coexist with punishment for involuntary manslaughter." *Commonwealth v. Houtz*, 496 Pa. 345, 349, 437 A.2d 385, 387 (1981). *See Commonwealth v. Bostic*, 500 Pa. 345, 456 A.2d 1320 (1983); *Commonwealth v. Zaengle*, 332 Pa.Super. 137, 480 A.2d 1224 (1984).

Once we have determined that a sentence is illegal, this court may either remand for resentencing or vacate and

---

11. It is well settled that the illegality of sentence is not waivable and may be raised *sua sponte* by the reviewing court. *Commonwealth v. Fulton*, 315 Pa.Super. 420, 462 A.2d 265 (1983); *Commonwealth v. Roach*, 307 Pa.Super. 506, 453 A.2d 1001 (1982); *Commonwealth v. Gilliam*, 302 Pa.Super. 50, 448 A.2d 89 (1982); *Commonwealth v. Thomas*, 291 Pa.Super. 263, 435 A.2d 901 (1981).

amend the invalid sentence directly. *Commonwealth v. Padden*, 335 Pa.Super. 51, 483 A.2d 950 (1984); *Commonwealth v. Zaengle, supra.* Instantly, we are satisfied that vacating the sentence imposed for homicide by vehicle would not affect the sentence imposed for involuntary manslaughter. Both crimes are misdemeanors of the first degree and the maximum sentence of five years was given by the trial court for both crimes. Therefore, it is clear that the trial court could not have increased appellant's sentence for involuntary manslaughter had it known that the homicide by vehicle sentence would be found to be illegal.

We find the New Law constitutional in all areas raised by appellant. However, the judgment of sentence for homicide by vehicle must be vacated. Judgment of sentence imposed on all other convictions is affirmed.