492 A.2d 44

**COMMONWEALTH of Pennsylvania**

v.

**Bart Randolph GODSEY, Appellant.**

Superior Court of Pennsylvania.

Argued March 11, 1985.

Filed April 26, 1985.

---

26

Gary Lysaght, Lemoyne, for appellant.

Merle L. Ebert, Assistant District Attorney, Harrisburg, for Com., appellee.

Before TAMILIA, LIPEZ and BUCHER, JJ.*

TAMILIA, Judge:

This appeal involves the mandatory sentencing provisions of the current Pennsylvania law, driving under the influence of alcohol or controlled substance, penalty 75 Pa.C.S.A. § 3731(e).

On October 4, 1981, appellant was arrested for driving under the influence of alcohol and was thereafter placed in the Accelerated Rehabilitation Disposition Program (A.R. D.). Subsequently, on February 24, 1984, appellant was again arrested for driving under the influence. Following the entry of a guilty plea on June 22, 1984, appellant received the mandatory sentence for a second conviction of not less than thirty days nor more than six months imprisonment and a fine of $300. A timely motion for modifica-

* Judge Wilson Bucher, Senior Judge, of the Court of Common Pleas of Lancaster County, Pennsylvania, is sitting by designation.

tion of sentence was filed and denied without a hearing, and this appeal followed.

 The appellant's arguments are all variations of the same theme, that a prior A.R.D. should not be considered a first offense under the current law (75 Pa.C.S.A. § 3731(e)) [1] when it was not so considered prior to its effective date. This appears to be a matter of first impression in Pennsylvania. Appellant's argument is threefold:

1.) Application of the mandatory sentencing treating appellant as a repeat offender violates the constitutional proscription against ex post facto laws.

2.) His acceptance of A.R.D. was not knowing, intelligent and voluntary.

3.) The legislature did not intend section 3731(e) to apply retroactively.

Appellant's arguments 1 and 2 must fail. By imposing a more severe penalty on subsequent offenses, the legislature did not increase the penalty for the prior offense. The new section could properly include consideration of a conviction under a prior or comparable law in enhancing the sentence for the present offense. This was an appropriate consideration for sentencing on a subsequent offense. *See Commonwealth v. Grady*, 337 Pa.Super. 174, 486 A.2d 962 (1984) (Grady had entered a plea of guilty to drunk driving under an earlier charge), followed in *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293 (1985). Likewise, in volunteering to accept A.R.D., the appellant could not reasonably have concluded that it forever bound the legislature against further legislation it deemed necessary to deal with repeat offenses of the class which was subject of the A.R.D. The benefits of A.R.D. were substantial and he obtained what he bargained for—an opportunity to obtain a clean record and to avoid the possibility of incarceration, upon successful completion of the program.

 We believe the appellant must prevail on his third argument as it appears from a close review of 75 Pa.C.S.A.

1. The amendment became effective January 15, 1981.

§ 3731(e) the intent was prospective only as it must be read in pari materia with the rules on Accelerated Disposition, Rule 175 et seq.[2]

Section 3731(e)(1)(ii) provides:

(1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of

> (ii) not less than 30 days if the person has previously been *convicted* of an offense under this section or an equivalent offense in this or other jurisdictions within the previous seven years. (emphasis added)

Reading this section in conjunction with the rules on A.R.D., which provide, by Rule 181, Deferring Adjudication of the Charges Upon Admission of Program After Information or Indictment, that,

> When a defendant is accepted into the program of accelerated rehabilitative disposition after information or indictment, the judge shall order that further proceedings on the charge shall be postponed during the term of the program.

Rule 185, Procedure for Obtaining Order Upon Successful Completion of the Program, provides:

> When the defendant shall have completed satisfactorily the program prescribed for him and complied with its conditions, he may make an application to the court for an order dismissing the charges against him.... If there are no objections filed [by the Commonwealth] within the thirty-day period, [allowed to the Commonwealth] the judge shall thereafter dismiss the charges against the defendant.

2. 1 Pa.C.S.A. § 1932. **Statutes in pari materia**

 (a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things.

 (b) Statutes in pari material shall be construed together, if possible, as one statute.

Thus in this case, appellant entered and successfully completed the A.R.D. program. Pursuant to the requirements of the rules, charges were filed, never prosecuted, and subsequently dismissed. The appellant was never convicted. The complication arises with an additional subsection of the present act. It is further provided under 75 Pa.C.S.A. § 3731(e)(2):

Acceptance of Accelerated Rehabilitative Disposition or any other form of preliminary disposition of any charge *brought under this section* shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction. (emphasis added)

The language above clearly applies to that section *as presently written.* Any doubt in construing a penal statute must be resolved in favor of the accused.[3] *Commonwealth v. Ashford,* 263 Pa.Super. 100, 397 A.2d ‹ ?0 (1979); *Commonwealth v. Darush,* 256 Pa.Super. 344, 389 A.2d 1156 (1978). If the legislature intended to include A.R.D. disposition under *prior* enactments, it could easily have incorporated language eliminating any ambiguity. The defendant who accepts A.R.D. under the 1982 amendment does so with full notice that an A.R.D. acceptance is equivalent to a conviction for future computation of penalty under the present enactment. A person who accepted A.R.D. previous to this enactment was assured by the then existing law, as applied to the rules, that successful completion of A.R.D. would result in a discharge, which cannot be construed in any fashion to be a conviction. We may not now treat this as a conviction without denial of due process because the effect is that of a conviction, resulting in a

---

3. 1 Pa.C.S.A. § **1901 et seq. Rules of Construction, § 1928 Rules of strict and liberal construction**

(b) All provisions of a statute of the classes hereafter enumerated shall be strictly construed:

(1) Penal provisions.

(2) Retroactive provisions.

penalty, where none existed before. In our system of justice, the requirement that a persons guilt be established in accordance with due process and beyond a reasonable doubt is inviolable. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375 (1970). *Grady* and *Hernandez* are not controlling here, as they were, in fact, convictions whereas here, no conviction existed by virtue of the A.R.D. discharge. The prohibition against retroactive application of the law and strict construction of a penal statute does, however, apply to prior A.R.D. cases. § 1928, *supra*.

■ It is apparent that the legislature saw a need to revise the treatment and practice of A.R.D. determinations under the practice existing before enactment of section 3731(e). An A.R.D. drunk driving discharge *did not count* as a *first offense*, but only a subsequent conviction so qualified because of the clear intent of the A.R.D. program. The new section corrects this in a fashion that comports with due process, but only prospectively. We would, therefore, construe section 3731(e)(2) to apply only to A.R.D. cases which arose subsequent to January 15, 1983 as being equivalent to a conviction for purposes of computing the penalty on subsequent convictions.

Thus we affirm in part as to the fine imposed of $300 under section 3731(e) but reverse as to the sentence of 30 days imprisonment, since as a first offender, appellant could be sentenced only to 48 hours imprisonment under section 3731(e)(1)(i).[4]

Judgment of sentence is affirmed as to the fine of $300 and vacated as to the 30 days imprisonment; case is remanded for resentencing consistent with this Opinion.

Jurisdiction relinquished.

4. At approximately the same time this Opinion was filed, another panel filed an Opinion in *Commonwealth v. David Frost*, 342 Pa.Superior Ct. 173, 492 A.2d 448 (1985) on the identical issue and reaching the same result.