## Commonwealth v. O'Brien

C.P. of Delaware County, no. 6454-04.

*William Davis,* for the Commonwealth.

*W. Russell Carmichael,* for defendant.

HAZEL, *J.,* April 13, 2005—Defendant in the above matter was arrested on September 21, 2004, and charged with driving under the influence. Blood alcohol testing performed following his arrest revealed that defendant operated a motor vehicle while his blood alcohol content was .30. He pled guilty to the charge of driving under the influence, 75 Pa.C.S. §3802(c).[1] On February 16, 2005, a sentence of 12 to 24 months was imposed. As a result of defendant's prior record, this offense was graded a first-degree misdemeanor pursuant to 75 Pa.C.S. §3803(b).[2] Section 3804 of the Motor Vehicle Code sets the mandatory minimum penalty for an individual who violates section 3802(c), *Highest rate of alcohol,* and sets forth increased sentences for offenders based on whether a "first," "second," or "third or subsequent" offense has been committed. In the instant case, defendant was sentenced for a third offense pursuant to section 3804(c)(3).[3]

---

1. 75 Pa.C.S. §3802(c) *Driving under the influence of alcohol or controlled substance, Highest rate of alcohol,* provides: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16 percent or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle."

2. 75 Pa.C.S. §3803(b)(4) provides: "An individual who violates section 3802(c) or (d) and who has one or more prior offense commits a misdemeanor of the first degree."

3. Section 3804(c)(3) provides in pertinent part: "An individual who . . . violates section 3802(c) . . . shall be sentenced as follows: (3) For a third or subsequent offense, to: (i) undergo imprisonment of not less than one year nor more than five years; (ii) pay a fine of not less than $2,500; and (iii) comply with all drug and alcohol treatment requirements imposed under sections 3814 and 3815."

Defendant alleges that the court erroneously sentenced him as a third time offender. In the alternative, he alleges that newly enacted provisions of chapter 38 of the Motor Vehicle Code violate the protections against ex post facto laws contained in the United States and Pennsylvania constitutions, and that, in enacting this legislation, the Pennsylvania Legislature did not intend "retroactive" application of the provisions mandating increased sentences for repeat offenders. On these grounds, defendant appeals from judgment of sentence, necessitating this opinion.

The undisputed facts of record indicate that defendant pled guilty to driving under the influence, 75 Pa.C.S. §3731, on two prior occasions: first in July of 1996 and again in December of 1998. Section 3806 of the Motor Vehicle Code defines "prior offenses" as follows: "(a) *General rule.* Except as set forth in subsection (b), the term 'prior offense' as used in this chapter shall mean a conviction . . . before sentencing on the present violation for any of the following . . . (2) an offense under former section 3731 . . . ." Subsection (b) *Repeat offenses within 10 years,* states in part: "The calculation of prior offenses for purposes of section[s] . . . 3804 (relating to penalties) shall include any conviction . . . within the 10 years before the present violation occurred for . . . (2) an offense under former section 3731." Former section 3731(e) set forth penalties for those convicted of driving under the influence and mandated a minimum sentence of 48 consecutive hours of imprisonment with increased penalties for each prior offense committed within the previous seven years. Defendant argues that by virtue of this earlier version of the Motor Vehicle Code

he committed only one prior offense, in August of 2003, when the incident that gave rise to the current charge occurred. In essence, defendant claims that once seven years from a conviction passed, pursuant to former section 3731, that prior conviction ceased to exist for purposes of any penalty imposed on a new conviction, including a conviction under the current law.

Defendant argues that, taken together, sections 3804(c) and 3806 of the Motor Vehicle Code violate the constitutional proscriptions[4] against ex post facto laws and are therefore unconstitutional per se. In support he claims the "new" DUI legislation increases the penalty attached to a prior conviction that is between seven and 10 years old by including it within the category of prior offenses that will trigger increased punishment for a current conviction for driving under the influence. This argument must fail. In *Commonwealth v. Grady,* 337 Pa. Super. 174, 486 A.2d 962 (1984), the Superior Court considered whether the legislature's addition of recidivist provisions to section 3731(e)(1) (ii) of the Motor Vehicle Code violated the ex post facto prohibitions found in our state and federal constitutions. Appellant Grady was convicted of driving under the influence, see 75 Pa.C.S. §3731, in 1983. He had a prior conviction for the same offense stemming from a 1976 conviction under the prior DUI law, 75 P.S. §1037. The court considered Gray's claim that section 3731(e)(ii) was constitutionally infirm as an ex post facto law:

---

4. See Article 1, Section 10, United States Constitution and Article 1, Section 17, Pennsylvania Constitution.

"The constitutional provision prohibiting ex post facto laws serves as a limitation on the legislature. It is a proscription which attempts 'to preserve for persons the right to fair warning that their conduct will give rise to criminal penalties.' *Commonwealth v. Hoetzel,* 284 Pa. Super. 623, 630, 426 A.2d 669, 672 (1981). It has been said that a law will be found constitutionally infirm on grounds that it is an ex post facto law only where one of the following effects is present:

"(1) The law makes an act criminal which was not criminal when done;

"(2) The law aggravates a crime [—] one which makes it greater than it was when committed;

"(3) The law changes a punishment, and makes it greater than it was when a punishable act was committed;

"(4) The law alters the rules of evidence and requires less or different testimony than the law required at the time the offense was committed in order to be convicted.

"*Commonwealth v. Hoetzel, supra,* 284 Pa. Super. at 630, 426 A.2d at 672, citing *Commonwealth v. Riley,* 253 Pa. Super. 260, 264, 384 A.2d 1333, 1335 (1978).

"The enactment of 75 Pa.C.S. §3731(e)(1) did not make criminal an act which had previously been lawful. Similarly, it did not alter the rules of evidence to require less or different testimony in order to convict." 337 Pa. Super. at 177-78, 486 A.2d at 964.

The *Grady* court posed the question: "Can it be said, then, that the amendment to the Vehicle Code aggravated the crime which appellant had committed in 1976 or enlarged the punishment therefor?" *Id.* at 178, 486 A.2d at

964. Concluding that it could not, the court explained that Grady was sentenced in 1976 for his prior offense and section 3731(e)(1) authorized no increase in punishment for that offense. "When appellant committed a second offense on March 5, 1983, the punishment for that second offense had already been prescribed by statute. Appellant then knew or should have known the punishment which the legislature had mandated for a second offense. The statutory amendment, which provided a heavier sentence for a second offense, was not constitutionally infirm merely because it required a sentencing court to consider a conviction which had occurred before the new law went into effect." *Id.* at 178, 486 A.2d at 964-65. This analysis has been repeatedly relied on by our appellate courts. See *e.g., Commonwealth v. Kornicki,* 357 Pa. Super. 182, 515 A.2d 925 (1986); *Commonwealth v. Kopycinski,* 353 Pa. Super. 387, 510 A.2d 365 (1986); *Commonwealth v. Hernandez,* 339 Pa. Super. 32, 488 A.2d 293 (1985).

Turning to the newly enacted legislation, applicable in the case sub judice, it is likewise clear that defendant has suffered no increase in punishment for his 1996 conviction. In addition to increasing sentences based on the amount of alcohol present in blood, the legislature has determined that more severe sentences for those who have offended within the past 10 years will further its legislative goals. The legislation at issue in *Grady* imposed recidivist provisions that increased sentences based on prior convictions, where formerly there were no recidivist provisions. The current legislation expands the period within which a prior conviction will be considered from seven to 10 years. This is a difference without a distinction. In

*Commonwealth v. Godsey,* 342 Pa. Super. 24, 492 A.2d 44 (1985), the Superior Court considered a similar ex post facto challenge to section 3731(e). In *Godsey,* however, the appellant's claim was based on the fact that his prior 1981 DUI was disposed of through accelerated rehabilitative disposition (ARD) and did not culminate in a conviction. Then newly enacted section 3731(e)(2) provided that "Acceptance of accelerated rehabilitative disposition or any other form of preliminary disposition of any charge *brought under this section* shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction." *Id.* at 29, 492 A.2d at 47. (emphasis in original) In rejecting the ex post facto challenge, the court explained that new legislation may properly include consideration of a conviction under a prior or comparable law in enhancing the sentence for a current offense. Further, the appellant could not reasonably have concluded by accepting ARD that he "forever bound the legislature against [enacting] further legislation it deemed necessary to deal with repeat offenses of the class which was [the] subject of the ARD." *Id.* at 27, 492 A.2d at 46.

In light of the foregoing, we conclude that defendant's challenges to sections 3804(c) and 3806 as ex post facto in law, and as applied in this case, must fail.

Next, we consider defendant's claim that, in enacting this legislation, the legislature did not intend that the current law be applied "retroactively." At the outset we note, as our previous discussion indicates, only those offenders who commit violations after the effective date of this legislation are subject to its provisions. *Common-*

*wealth v. Godsey, supra.* An offender who drives under the influence after the effective date of the legislation does so with knowledge of the consequences, including the fact that he will be subject to an increased sentence due to his status as a repeat offender. Defendant claims that existing legislation entitled him to a "reduced" record of prior offenses. He argues, that under the earlier DUI law, with the passing of seven years time, his 1996 conviction no longer existed for sentencing purposes. In *Godsey, supra,* the court held that the then newly enacted section 3731(e)(2), which included a prior ARD disposition as a "first conviction" for purposes of computing sentence, was intended to and could only apply prospectively, *i.e.,* to ARD cases which arose after the legislation's effective date. Section 3731(e)(2) provided: "Acceptance of accelerated rehabilitative disposition or any other form of preliminary disposition of any charge brought under this section shall be considered a first conviction for the purpose of computing whether a subsequent conviction of a violation of this section shall be considered a second, third, fourth or subsequent conviction." In drawing its conclusion, the *Godsey* court found the phrase "brought under this section" included in the foregoing significant. When read in pari materia with Rule 185 of the Rules of Criminal Procedure regarding "successful completion" of the ARD program, only an interpretation that section 3731(e)(2) applied prospectively would comply with due process. Rule 185 assured ARD participants discharge upon successful completion of the program. Before the enactment of section 3731(e) "[a]n ARD drunk driving discharge *did not count* as a *first offense,* but only a subsequent conviction so quali-

fied because of the clear intent of the ARD program." *Id.* at 30, 492 A.2d at 47. (emphasis in original)

Defendant's reliance on *Godsey* is misplaced. Defendant here was *convicted* of driving under the influence in 1996. There is no legislative promise of dismissal or expungement in any previous version of the laws prohibiting driving under the influence. Although defendant claims otherwise, there is no statutory support for his argument. By its terms, section 3806(b) is unambiguous and its application does not run afoul of due process. As a general rule, penal statutes are strictly construed with all doubt resolved in favor of the accused. See *e.g., Commonwealth v. Godsey, supra; Commonwealth v. Ashford,* 263 Pa. Super. 100, 397 A.2d 420 (1979). Statutes are to be construed reasonably and statutory words and phrases are to be read in accordance with their plain meaning. See *Commonwealth v. Nixon,* 801 A.2d 1241 (Pa. Super. 2002). However, where the terms of the stature are "clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. §1921. If, in enacting the former provision upon which defendant relies, 75 Pa.C.S. §3731, the legislature intended to vest an offender with the right to a reduced record after seven years for purposes of computing sentence, then it would have explicitly so provided in that legislation. It would be error to read this right into the prior law.

For the foregoing reasons it is respectfully submitted that defendant was sentenced appropriately as a third-time offender and judgment of sentence should be affirmed.