538 A.2d 578

**COMMONWEALTH of Pennsylvania**

**v.**

**Anthony GREGORY, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 14, 1987.

Filed March 3, 1988.

Robert G. Kochems, Assistant Public Defender, Mercer, for appellant.

Kenneth K. McCann, Assistant District Attorney, Mercer, for Com., appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from a Judgment of Sentence directing that Appellant be incarcerated for a period of 10–20 years following the jury's determination that he was guilty of third degree murder.

Presented for our consideration is a claim that the trial court erred in denying Appellant's motion for "hybrid representation". Appellant further challenges the jury's finding

of guilt as being against the weight of the evidence and also asserts that there was insufficient evidence on the element of malice to support their verdict. In his final issue, Appellant questions the exercise of the trial court's discretion in formulating his sentence.

■ The first three allegations of error have been considered and properly disposed of by the Honorable Thomas T. Frampton in his Opinion dated January 15, 1987. We have reviewed the record to determine whether the trial court abused its discretion or committed an error of law with respect to these claims. Having done so, it is clear that the resolution of these matters as set forth in the trial court opinion is well-founded in both law and fact as evidenced by the record. Thus, as to these issues, we affirm on of the able trial court opinion.[1]

Remaining for our determination is consideration of the propriety of Appellant's sentence. As required by Pa.R. A.P., Rule 2119(f), Appellant, who is challenging the discretionary aspects of his sentence has set forth in his brief "a concise statement of the reasons relied upon for allowance of appeal". *Id.* On a separate page on his brief, immediately preceding the argument appears Appellant's statement which is entitled *"STATEMENT OF THE SUBSTANTIAL QUESTION"*. Therein Appellant alleges that his 10–20 year sentence of imprisonment is inappropriate under his particular circumstances. He specifically alleges that it

---

**1.** We note that while Appellant has recognized the Supreme Court's ruling on a like claim involving the right to "hybrid representation" in *Commonwealth v. Colson,* 507 Pa. 440, 490 A.2d 811 (1985) he urges us to "reexamine the same" and change the court's position. Appellant asserts that such a change is warranted because the Supreme Court's decision in *Colson* and the decision in the case on which it relies, *Commonwealth v. Williams,* 270 Pa.Super. 27, 410 A.2d 880 (1979), are unsupported by underlying rationale. To bolster his attack of these Pennsylvania decisions, Appellant cites numerous cases from other jurisdictions.

We decline Appellant's invitation to "re-examine" and "change" the law of this Commonwealth on this issue. The Superior Court, as in intermediate appellate court, is powerless to alter the decisional law of our Supreme Court. *DeFrancesco v. Western Pennsylvania Water Co.,* 329 Pa.Super. 508, 478 A.2d 1295 (1984); *Commonwealth v. Butch,* 257 Pa.Super. 242, 390 A.2d 803 (1978).

was error to impose "a maximum sentence for third degree murder on the appellant, a twenty-four year old person with only a misdemeanor adult record and many of the elements of voluntary manslaughter present in his case". Since Appellant has complied with the requirements of Pa.R.A.P. 2119(f), and since there appears to be a substantial question that the sentence imposed is not appropriate, we will allow the appeal of this issue and consider Appellant's claim. 42 Pa.C.S. § 9781(b); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); *Commonwealth v. Tilghman*, 366 Pa.Super. 328, 332 n. 2, 531 A.2d 441 (1987).

▆ With regard to his sentence Appellant asserts that the court abused its discretion when it formulated a sentence which was "excessive in length and not tailored to the specific needs of appellant, the ends of justice, or the community's welfare". We disagree. The record of the sentencing hearing provides us with ample evidence that the court did consider all of the requisite factors in fashioning a sentence which does not inflict too severe a punishment. The particular circumstances of the offense, and Appellant's past propensity to aggressive, violent behavior were recognized by the sentencing judge. The judge also remarked that he "appreciate[d] the fact that [Appellant is] a very articulate young man and that [he has] accepted Christ into [his] life". Further, the impact Appellant's actions had on society as well as the serious nature of the crime were considered by the court. The sentencing judge noted that the gravity of this offense had to be reflected in the sentence. In light of the above, we cannot find any abuse of discretion in the imposition of sentence. *Commonwealth v. Franklin*, 301 Pa.Super. 17, 446 A.2d 1313 (1982).

▆ Although we conclude that an abuse of discretion was not evident in Appellant's sentence, we must vacate the sentence since it includes an increased term under the now void Deadly Weapon Enhancement provisions of the sentencing guidelines. We note that Appellant has not specifically challenged this portion of his sentence which would

normally preclude our review, however, the illegality of a sentence is not a waivable issue and may be raised *sua sponte* by a reviewing court. *Commonwealth v. Norris,* 498 Pa. 308, 446 A.2d 246 (1982); *Commonwealth v. Hernandez,* 339 Pa.Super. 32, 488 A.2d 293 (1985).

The Deadly Weapon Enhancement provisions of the Sentencing Guidelines mandated that "[w]hen the court determines that the defendant or an accomplice possessed a deadly weapon ... during the commission of the current conviction offense; at least 12 months and up to 24 months confinement shall be added to the guideline sentence range which would otherwise have been applicable". 204 Pa.Code § 303.4. In the instant case the sentencing judge clearly stated that he was applying the enhancing provisions of § 303.4 in formulating Appellant's sentence. The record also contains a standard sentencing guideline form. Under the heading "deadly weapon enhancement" appears an "x" in the box next to the word "yes". In addition, the specific weapon used, a "handgun", is noted on the form. While we cannot determine the exact length of time which was added to Appellant's sentence under the provisions of § 303.4, it obvious that Appellant's sentence includes a period of confinement consistent with the mandates of the Deadly Weapon Enhancement provisions.

The weapon enhancement provisions of the Sentencing Guidelines were also found to have been utilized by the sentencing court in a recent case considered by our Supreme Court, *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987). The appellant therein challenged the validity of his sentence by questioning the method by which the Sentencing Guidelines were established. The Supreme Court found merit to appellant's argument and ruled that the Pennsylvania Sentencing Guidelines are invalid as promulgated in violation of the bicameral consideration and gubernatorial presentment requirements of the Pennsylvania Constitution. Declaring the the present guidelines are "to be of no force at all", the Supreme Court found it necessary to vacate the appellant's sentence and remand for

resentencing pursuant to the remaining valid provision of the Sentencing Code. *Id.*, 516 Pa. at 365, 532 A.2d 775.

Following the dictates of *Sessoms* we conclude that Appellant's sentence which includes a period of incarceration based on the now nullified Deadly Weapon Enhancement provisions of the Sentencing Guidelines, is unauthorized, illegal and must be vacated. Accordingly, we vacate the Judgment of Sentence and remand this case for resentencing. We caution the court that upon remand the provision of § 303.4 shall not be utilized in reformulating Appellant's sentence.

Judgment of Sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

HOFFMAN, J., concurs in the result.

BROSKY, J., files a dissenting opinion.

BROSKY, Judge, dissenting:

I respectfully dissent. The majority disagreed with appellant's assertion that the sentence imposed was excessive in length or "not tailored to the specific needs of appellant, the ends of justice, or the community's welfare." Maj. opinion p. 579. In so concluding the majority acknowledges that the sentence imposed does not compromise the purposes of the sentencing code or go beyond the legal sentencing limits as set forth in the sentencing code. The majority is troubled because the sentence was enhanced by a provision of the sentencing guidelines found to be void *ab initio* in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987). There, where the issue was properly raised, our Supreme Court vacated a sentence because it had been enhanced pursuant to the same guideline provision as the sentence presently being considered. However, the Supreme Court noted that "this ruling is applicable to cases where the issue has been 'properly preserved at all stages of adjudication up to and including any direct appeal.'" *Id.*, 516 Pa. at 380, n. 2, 532 A.2d 775 at p. 19, n. 2. Appellant has not challenged, in this appeal, the method or procedure

which was utilized in establishing the guidelines. Consequently, I believe this issue is waived.

The sentence imposed *is* within the legal limits of the sentencing code and is not, therefore, otherwise illegal. The fact that the sentence imposed was based upon guidelines found to be void does not necessarily make the sentence illegal or void as long as the sentence did not exceed the statutorily imposed limits. No opinion of this court or our Supreme Court has suggested that *Sessoms* requires the vacation of a sentence imposed pursuant to the guidelines if the sentence imposed is otherwise legal under the code. The sentencing code sets forth the permissible range of the sentence for the offense committed. The guidelines were a useful tool for determining a proper sentence within the statutorily authorized range but the guidelines *never provided legal authority* for the imposition of the sentence; this was provided by the sentencing code. The same can be said for the deadly weapons enhancement provision. That provision, although calling for enhancement of the sentence, did not provide any authority for an additional period of time of incarceration. It merely suggested or indicated that an appropriate standard sentence, *within the permissible range of sentencing,* for a crime committed with a deadly weapon, was 12 to 24 months greater than the same offense committed without a deadly weapon. Consequently, as the guidelines did not provide the statutory authority for the sentence, or any part of it, I cannot agree that the voiding of the guidelines by *Sessoms* makes the sentence illegal or requires the vacation of the sentence imposed here.

I see no difference between this sentence and another sentence imposed under the guidelines, even one in the standard range. Since either sentence would have been imposed under a guideline found to be void *ab initio,* either sentence could be theoretically open to a challenge as to its appropriateness at this point in time. However, as the guidelines did not provide authority for either sentence, neither could be thought of as lacking statutory authority, which would make the sentence illegal. Furthermore, to

the extent the guidelines were used properly, we should presume that the sentence imposed was appropriately fitted for the crime committed. Consequently, I would see no further reason to treat a sentence imposed in the standard range differently from one which was enhanced by the deadly weapons provision. As indicated earlier, no Opinion of this court or the Supreme Court has indicated that a sentence imposed with consideration of the guidelines must be vacated. In fact, Justice Papadakos, in his Concurring Opinion to *Sessoms* indicates that very point.

It is possible that appellant would have been given a lesser sentence had the voided guidelines not been considered. It is also possible that he would not have. But, appellant did not challenge the usage of guidelines or the method of its adoption as did Gershom Sessoms, nor does the present sentence lack statutory authority. Therefore, despite the majority's assertion to the contrary, the sentence imposed was not illegal and vacating the sentence is improper.