542 A.2d 572

**COMMONWEALTH of Pennsylvania**

v.

**Drake REARDON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 14, 1987.

Filed June 3, 1988.

214

Michael J. Wherry, Grove City, for appellant.

Kenneth K. McCann, Assistant District Attorney, Mercer, for Com., appellee.

Before BROSKY, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

Appellant and a co-defendant, Faith Swingle, were tried by a jury for crimes committed in association with the knife-point robbery of a gasoline/convenience store owner. A third co-defendant, Brian Collins, pled guilty to a charge of robbery, and a fourth individual, Terry Mays, who testified against Appellant at trial, was not tried. After Appellant's timely filed post-trial motions were denied, he was sentenced to serve 3–6 years for his robbery conviction. Concurrent sentences of 1–2 years were imposed based on convictions for theft and conspiracy. As noted by the sentencing court, Appellant's sentence "includes therein an addition of twelve (12) months on the minimum sentence of three (3) years and twelve (12) months on the maximum sentence of six (6) years as a result of the weapons enhancement".

In this appeal, Appellant challenges the verdict as being against the weight of the evidence. He also maintains that the trial court erred by ruling that certain testimony sought to be elicited from Faith Swingle was inadmissible hearsay. Appellant's final contention concerns the court's failure to grant a mistrial sua sponte. Although we find no merit to any of these issues, we must vacate that portion of Appellant's sentence which was imposed under the Deadly Weapon Enhancement provisions of the Sentencing Guidelines.

■ The first argument made by Appellant addresses the weight of the evidence used to convict him. Appellant points out that "the jury was faced with the dilemma of whether or not to believe the testimony of Terry Mays or (defense witnesses) Faith Swingle and Brian Collins". Appellant's Brief at 13. Appellant, who put forth an alibi defense, presented additional witnesses who testified as to his whereabouts at the time in question. The jury apparently believed the testimony of Terry Mays who was present at the scene and later detailed Appellant's involvement. Appellant maintains that Mr. Mays was unworthy of belief because of inconsistencies which were apparent in his testimony. Appellant reasons that the verdict of the jury was against the fair weight of the evidence since it was premised on the "unreliable" testimony of Mr. Mays rather than the testimony of the witnesses called by the defense.

■ It is true that where evidence offered in support of a guilty verdict is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, an appellate court is justified in finding that it was reversible error to allow the jury to return a guilty verdict based thereon. *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976); *Commonwealth v. Bennett*, 224 Pa.Super. 238, 303 A.2d 220 (1973). In the present case the contradictions in the testimony of Terry Mays to which Appellant points are not such as to require us to order a new trial.

> The contradictions (appellant) relies on are discrepancies between information (the witness) gave police when he was arrested and his testimony at trial. (Appellant's) reliance on contradictions between (the witness') out-of-court statements and his in-court testimony is misplaced, for such discrepancies concern credibility and do not render impossible rational consideration of the evidence presented. A new trial may be appropriate in a case where the testimony *at trial* is hopelessly contradictory, but in this case (the witness') testimony at trial was consistent.

*Commonwealth v. Goldblum*, 498 Pa. 455, 447 A.2d 234, 240 (1982). Further, the fact that the jury apparently chose

not to accept the version of events as recounted by Appellant's witnesses is of no concern since the finder of fact has the right to reject part or all of the witness' testimony even if uncontradicted. *Commonwealth v. Chermansky*, 430 Pa. 170, 174, 242 A.2d 237, 240 (1968).

■ Appellant next characterizes as erroneous the trial court's ruling prohibiting co-defendant Faith Swingle to testify in response to the question: "Okay, did he (Collins) tell you who had robbed the gas station?" The Commonwealth objected to the introduction of this evidence because it was hearsay. Appellant's defense counsel argued that "even if it is hearsay, it's a classic co-conspirator statement" and therefore it should be admitted. The trial court ruled that the inquiry required a hearsay response and, therefore, sustained the Commonwealth's objection. In his Motion for New Trial and in his Brief before this Court, Appellant asserts that the testimony sought to be elicited fell within the "co-conspirator" exception to the hearsay rule. In support of his argument Appellant cites *Commonwealth v. Kersten*, 333 Pa.Super. 343, 482 A.2d 600 (1984), wherein the court outlined the proof necessary to "lay a foundation for the co-conspirator exception to the hearsay rule." *Id.*, 333 Pa.Superior Ct. at 350, 482 A.2d at 603. In this case, however, a necessary element of proof is missing. The court in *Kersten* noted that first it must be shown that "a conspiracy existed between declarant and the person *against* whom the evidence is offered." *Id.* In the instant case, the evidence was sought to be admitted *for* Appellant not *against* him.

> Under the guidance of Dean McCormick, it is said: [a] statement is not hearsay if—... The statement is offered *against* a party and is
>
> . . . . .
>
> (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

C. McCormick, *Evidence*, § 263 at 776 (Cleary 3rd ed. 1984)

These assertions by a co-conspirator are said to be "nothing more than a special kind of assertion by an agent, which

is attributable to his principal as an admission." D. Binder, *Hearsay Handbook*, § 28.06 at 344 (2nd ed. 1983). Since they are admissible as an admission they "must be offered, not for, but against" the defendant. *Evidence, supra.* Accordingly, herein, the sought after testimony, was properly excluded from evidence.

■ The final claim presented for our consideration is whether the trial judge should have granted a mistrial *sua sponte.* Appellant asserts such action was warranted when co-defendant Swingle testified that acting on the suggestion of defense counsel she and Appellant's girlfriend attempted to find the owner of a ski mask used in the robbery. Appellant claims that this incident and another in which the jury was advised that Mr. Collins had approached defense counsel and discussed the possibility of pleading guilty and exonerating Appellant, weakened the integrity and/or credibility of Appellant's counsel.

■ Pa.R.Crim.P., Rule 1118 provides that a motion for mistrial may be made by defendant when an event prejudicial to the defendant occurs during trial. "Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity." *Id.* The decision whether to declare a mistrial of a criminal prosecution is within the sound discretion of the trial judge and will not be reversed absent a flagrant abuse of discretion. *Commonwealth v. Stokes,* 279 Pa.Super. 361, 421 A.2d 240 (1980). The trial judge in this case found nothing "so egregious occurred that would warrant our declaring a mistrial sua sponte." After a review of record in light of Appellant's claims, we agree with the trial court.

■ We next turn to an examination of Appellant's sentence. Although such review would normally be precluded because Appellant has not presented this court with any sentencing issues, the illegality of a sentence is not a waivable issue and may be raised *sua sponte* by a review-

ing court. *Commonwealth v. Norris*, 498 Pa. 308, 446 A.2d 246 (1982); *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293 (1985).

In view of the fact that a knife was used during the commission of the robbery, the sentencing court considered application of the Deadly Weapon Enhancement provisions of the Sentencing Guidelines, 204 Pa.Code § 303.4. It provides that "[w]hen the court determines that the defendant or an accomplice possessed a deadly weapon ... during the commission of the current conviction offense; at least 12 months and up to 24 months confinement shall be added to the guideline sentence range which would otherwise have been applicable." *Id.* The sentencing court in the case at bar clearly indicated that it found the weapon enhancement applicable, and as required included an additional 12 month period of incarceration in formulating Appellant's sentence.

The weapon enhancement provisions of the Sentencing Guidelines were also found to have been utilized by the sentencing court in a recent case considered by our Supreme Court, *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987). The appellant therein challenged the validity of his sentence by questioning the method by which the Sentencing Guidelines were established. The Supreme Court found merit to appellant's argument and ruled that the Pennsylvania Sentencing Guidelines are invalid as promulgated in violation of the bicameral consideration and gubernatorial presentment requirements of the Pennsylvania Constitution. Declaring that the present guidelines are "to be of no force at all," the Supreme Court found it necessary to vacate the appellant's sentence and remand for resentencing pursuant to the remaining valid provisions of the Sentencing Code. *Id.*, 516 Pa. at 380, 532 A.2d at 782.

Following the dictates of *Sessoms* we conclude that the portion of Appellant's sentence which was imposed in accordance with the Deadly Weapon Enhancement provisions of the now void Sentencing Guidelines is illegal and must be vacated. Because the 12 month period of time which was added to Appellant's minimum and maximum and included in his 3–6 year sentence was readily identified by the

sentencing court as attributed to the provisions of § 303.4, it will be vacated directly and there will be no need to remand for resentencing. *Commonwealth v. Eberts*, 282 Pa.Super. 354, 422 A.2d 1154 (1980). The remaining portion of Appellant's sentence will not be examined since any concerns which do not address the legality of Appellant's sentence are not preserved for our review. (See: *Id.* 516 Pa. at 380 n. 2, 532 A.2d at 782 n. 2.

HOFFMAN, J., concurs in the result.

BROSKY, J., files a dissenting statement.

BROSKY, Judge, dissenting:

While I agree with the majority's disposition of the issues raised by appellant, I must respectfully dissent from the majority raising, sua sponte, the issue of appellant's sentence.

Because, in my opinion, the trial court did not impose an illegal sentence upon appellant, the fact that appellant did not raise a sentencing issue precludes our review of his sentence. Thus, based upon my dissenting opinions in *Commonwealth v. Gregory*, 371 Pa.Super. 551, 538 A.2d 578 (1988); and *Commonwealth v. Sanchez*, 372 Pa.Super. 369, 539 A.2d 840 (1988) (en banc), I must dissent in the case *sub judice*.