2016 PA Super 211

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KRIZ CECILIA KIZAK, | |
| Appellant | No. 1556 MDA 2015 |

Appeal from the Judgment of Sentence July 14, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000715-2015

BEFORE: SHOGAN, OTT, and STRASSBURGER,* JJ.

OPINION BY SHOGAN, J.: **FILED SEPTEMBER 14, 2016**

Appellant, Kriz Cecilia Kizak, appeals from the judgment of sentence entered following her conviction of driving under the influence of alcohol ("DUI"). Appellant asks us to determine whether the trial court erred in sentencing her as a repeat offender because application of 75 Pa.C.S. § 3806 ("prior offenses") resulted in an *ex post facto* punishment. Under the facts of this case, we conclude that there was no *ex post facto* violation. Accordingly, we affirm.

The trial court summarized the history of this case as follows:

> [On January 23, 2015, Appellant] was charged with Count 1: DUI: General Impairment/Incapable of Safe Driving pursuant to 75 [Pa.C.S.] § 3802(A)(1) and Count 2: DUI: Highest Rate of

---

* Retired Senior Judge assigned to the Superior Court.

Alcohol pursuant to 75 [Pa.C.S.] § 3802(B) for conduct that occurred on December 10, 2014.[1] [Appellant] entered a guilty plea on May 20, 2015. On July 14, 2015, [Appellant] was sentenced under Count 2 to undergo imprisonment in the Centre County Correctional Facility for a period of not less than thirty (30) days nor more than six (6) months. [Appellant] was sentenced as a second offense DUI, because she was also charged with DUI for conduct that occurred on September 24, 2014. [Appellant] was accepted into the Accelerated Rehabilitation Disposition (ARD) program on the first offense DUI.

Trial Court Opinion and Order, 8/20/15, at 1.

On July 17, 2015, Appellant filed a post-sentence motion, which was denied on August 20, 2015. Appellant filed this timely appeal on September 11, 2015. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

1. The Trial Court made an error of law when it determined that [Appellant's] DUI was a second offense when the Court applied the new DUI statute effective December 26, 2014 ex post facto to an offense that occurred on December 10, 2014.

Appellant's Brief at 1.[2]

_____

[1] On the morning of December 10, 2014, Appellant appeared at the Centre County Courthouse for a preliminary hearing on previous DUI charges that had been filed on September 24, 2014. While at the courthouse, police noticed that Appellant exhibited signs of intoxication. Appellant performed unsatisfactorily on field sobriety tests, and a preliminary breath test showed the presence of alcohol. A subsequent blood test revealed that Appellant's blood alcohol content ("BAC") was .138%.

[2] We note that the Commonwealth argues that the issue is waived due to Appellant's failure to notify the Attorney General pursuant to Pa.R.A.P. 521
*(Footnote Continued Next Page)*

Appellant argues that the trial court erred in imposing the sentence. Appellant's Brief at 3-7. Appellant contends that the trial court should not have imposed the recidivist sentencing law to Appellant's offense that occurred on December 10, 2014, because the changes in the sentencing law did not become effective until December 26, 2014. Appellant asserts that the application of the law to her offense amounts to an *ex post facto* punishment and she should have been sentenced under the sentencing provisions that were in place when she actually committed the crime.

We observe that a challenge to the application of a statute by a trial court presents a question of law. **Commonwealth v. Perez**, 97 A.3d 747, 750 (Pa. Super. 2014). Where an issue presents a question of law, the appellate court's standard of review is *de novo*. **Commonwealth v. Descardes**, 136 A.3d 493, 496-497 (Pa. 2016). In addition, our scope of review in this matter is plenary. **Id**.

To the extent that Appellant raises an issue challenging the constitutionality of a statute, "[w]e note that duly enacted legislation carries

---
(Footnote Continued)

(Notice to Attorney General of Challenge to Constitutionality of Statute). Commonwealth's Brief at 12. However, Pa.R.A.P. 521(a) clearly states that the requisite notice is to be filed "in any matter in an appellate court to which the Commonwealth or any officer thereof, acting in his official capacity, is not a party. . . ." The Commonwealth is a party to this matter. Therefore, no notice under Pa.R.A.P. 521 was required. **Commonwealth v. Miller**, 80 A.3d 806, 811 n.3 (Pa. Super. 2013) (citing **Commonwealth v. Balog**, 672 A.2d 319 (Pa. Super. 1996)). Thus, we will review the merits of this issue.

with it a strong presumption of constitutionality." ***Commonwealth v. Turner***, 80 A.3d 754, 759 (Pa. 2013) (citation omitted). "A presumption exists '[t]hat the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth' when promulgating legislation." ***Commonwealth v. Baker***, 78 A.3d 1044, 1050 (Pa. 2013) (quoting 1 Pa.C.S. § 1922(3)).

> In conducting our review, we are guided by the principle that acts passed by the General Assembly are strongly presumed to be constitutional, including the manner in which they were passed. Thus, a statute will not be found unconstitutional unless it clearly, palpably, and plainly violates the Constitution. If there is any doubt as to whether a challenger has met this high burden, then we will resolve that doubt in favor of the statute's constitutionality.

***Commonwealth v. Neiman***, 84 A.3d 603, 611 (Pa. 2013) (quotation marks and citations omitted).

Both the United States Constitution and the Pennsylvania Constitution prohibit the enactment of *ex post facto* laws. U.S. Const. art. I, § 10; Pa. Const. art. I, § 17. Our Supreme Court has interpreted these constitutional *ex post facto* clauses to be effectively identical. ***Commonwealth v. Woodruff***, 135 A.3d 1045, 1048 (Pa. Super. 2016) (citing ***Commonwealth v. Young***, 637 A.2d 1313 (Pa. 1993)). The purpose of this proscription is "to preserve for persons the right to fair warning that their conduct will give rise to criminal penalties." ***Commonwealth v. Grady***, 486 A.2d 962, 964 (Pa. Super. 1984) (quoting ***Commonwealth v. Hoetzel***, 426 A.2d 669, 672 (Pa. Super. 1981)). We have explained that "[a] state law violates the *ex*

- 4 -

*post facto* clause if it was **adopted after** the complaining party committed the criminal acts and 'inflicts a greater punishment than the law annexed to the crime, when committed.'" ***Commonwealth v. Fleming***, 801 A.2d 1234, 1237 (Pa. Super. 2002) (citation omitted; emphasis added). As our Supreme Court observed in ***Commonwealth v. Rose***, 127 A.3d 794 (Pa. 2015), "Almost from the outset, we have recognized that central to the *ex post facto* prohibition is a concern for 'the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.'" ***Id***. at 798-799 (quoting ***Miller v. Florida***, 482 U.S. 423, 430 (1987)).

Moreover, "[a] statute is not made retroactive merely because it draws upon antecedent facts for its operation." ***Alexander v. Com., Dept. of Transp.***, 880 A.2d 552, 558 (Pa. 2005) (citation omitted). "Retroactive laws have been defined as those which take away or impair vested rights acquired under existing laws, create new obligations, impose a new duty, or attach a new disability in respect to the transaction or consideration already past." ***Id***. at 559 (citation omitted).

> The constitutional provision prohibiting *ex post facto* laws serves as a limitation on the legislature. It is a proscription which attempts "to preserve for persons the right to fair warning that their conduct will give rise to criminal penalties." It has been said that a law will be found constitutionally infirm on grounds that it is an *ex post facto* law only where one of the following effects is present:
>
> > 1. The law makes an act criminal which was not criminal when done;

> 2. The law aggravates a crime -- one which makes it greater than it was when committed;
>
> 3. The law changes a punishment, and makes it greater than it was when a punishable act was committed;
>
> 4. The law alters the rules of evidence and requires less or different testimony than the law required at the time the offense was committed in order to be convicted.

*Grady*, 486 A.2d at 964 (citations omitted). Furthermore, "[i]n order for a criminal or penal law to be deemed an *ex post facto* law, 'two critical elements' must be met: 'it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.'" *Rose*, 127 A.3d at 799 (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). As the United States Supreme Court explained, "A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law." *Landgraf v. USI Film Products*, 511 U.S. 244, 269 (1994) (citations omitted). Instead, "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Id*. at 269-270.[3]

_____

[3] Interestingly, we note that in *Weaver*, the United State Supreme Court was faced with a situation in which it addressed the applicability of a Florida law concerning the calculation of a prison term upon a petitioner who committed a crime in 1976. In 1978, the Florida legislature enacted a new statute addressing the calculation formula. "The new provision was
*(Footnote Continued Next Page)*

In ***Commonwealth v. Wall***, 867 A.2d 578 (Pa. Super. 2005), this Court addressed the *ex post facto* application of a statute imposing particular fines for DUI. The court in ***Wall*** explained that on July 12, 2002, the appellant was arrested for driving under the influence of alcohol pursuant to 75 Pa.C.S. § 3731(a)(4) (amount of alcohol by weight in the blood is 0.10% or greater). The appellant's BAC level was 0.24%.

Subsequently, on December 9, 2002, Pennsylvania enacted 18 Pa.C.S. § 7508.1, which established the Substance Abuse Education and Demand Reduction Fund as an account in the State Treasury. ***Wall***, 867 A.2d at 580.

*(Footnote Continued)* _____

implemented on January 1, 1979, . . ." ***Weaver***, 450 U.S. at 27. In reaching its conclusion that the Florida statute was unconstitutional as an *ex post facto* law as applied to the petitioner, the ***Weaver*** Court failed to make a distinction between the date of the enactment of the statute and the date that it became effective. Indeed, in its analysis and conclusion the Court used both terms interchangeably, as reflected in the following language:

> Thus, the new provision constricts the inmate's opportunity to earn early release, and thereby makes more onerous the punishment for **crimes committed before its enactment**. This result runs afoul of the prohibition against *ex post facto* laws.

> \* \* \*

> We find Fla. Stat. § 944.275 (1) (1979) void as applied to petitioner, whose **crime occurred before its effective date**.

***Weaver***, 450 U.S. at 36 (emphases added). Undeniably, the facts in ***Weaver*** are dissimilar from the instant case because the crime in ***Weaver*** was committed in 1976, which was before the new Florida statute was enacted in 1978 and became effective on January 1, 1979. Hence, we do not find ***Weaver*** to be instructive with regard to the circumstantial time frame presently before us.

- 7 -

The statute took effect sixty days later, specifically, on February 7, 2003. *Id*. In order to subsidize the fund, the statute provided that additional assessments be imposed upon persons convicted of certain crimes, including DUI. As the Court explained, "Subsection (c) of the statute provided an additional assessment of $200.00 to all persons convicted for violation of 75 Pa.C.S.A. § 3731 (now § 3802) where the amount of alcohol by weight in the blood is 0.15% (now 0.16%)." *Id*. The appellant in *Wall* pled guilty on November 5, 2003, approximately eleven months after the enactment date, and nine months after the effective date of § 7508.1(c). *Id*. On February 6, 2004, fourteen months after the enactment of the statute and almost one year after the stated effective date, the trial court sentenced the appellant and imposed the additional assessment pursuant to 18 Pa.C.S. § 7508.1(c) because his BAC level was greater than 0.15%. The appellant eventually brought a direct appeal to this Court and argued that imposing the assessment under the statute violates the prohibition against *ex post facto* laws contained in the United States Constitution and the Pennsylvania Constitution. *Id*. After concluding that the assessment amounted to a fine, and historically the imposition of fines amounts to punishment, the court in *Wall* held "Because [the appellant] committed the act of DUI **prior to the enactment** of § 7508.1(c) and this section inflicts a greater punishment, such imposition of the additional assessment violated the *ex post facto* clause of the United States Constitution." *Id*. at 583 (emphasis added).

Accordingly, the Court reversed the imposition of the additional assessment pursuant to 18 Pa.C.S. § 7508.1(c). In reaching its conclusion, the *Wall* Court considered the enactment date of the statute and not the date that the statutory provision became effective. We find this analysis, particularly the consideration of the enactment date of the statute, to be instructive.

Instantly, the relevant statute is 75 Pa.C.S. § 3806, which addresses the calculation of prior DUI offenses to determine whether a defendant is a repeat offender for sentencing purposes. The statute was originally signed into law on September 30, 2003, and took effect on February 1, 2004. Subsequently, our General Assembly enacted amendments to the language of the law, and the governor signed the changes to the statute on October 27, 2014. P.L. 2905, No. 189 (Act 2014-189). The following is the pertinent language of the statute, with the new language shown in italics and the deleted language shown with a "strikethrough" line:

> **(b) Repeat offenses within ten years. -** The calculation of prior offenses for purposes of sections 1553(d.2)(relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, *whether or not judgment of sentence has been imposed for the violation,* adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the ~~present violation occurred~~ *sentencing on the present violation* for any of the following:
>
> (1) an offense under section 3802;
>
> (2) an offense under former section 3731;

(3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or

(4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S. § 3806(b). Thus, under the 2014 amendment, the ten-year "look back" period for determining prior offenses became the date of sentencing and was no longer the date that the offense occurred. Also, Section 2 of Act 2014-189 provides that the amendment of section 3806(b) "**shall apply to persons sentenced** on or after [December 26, 2014,] the effective date of this section." (emphasis added).

In addressing Appellant's issue and determining that Appellant's *ex post facto* argument lacked merit, the trial court offered the following analysis:

> In reference to a previous amendment to 75 Pa.C.S. § 3806, the Superior Court of Pennsylvania specifically stated the change would not apply to convictions which occurred prior to the effective date of February 1, 2004. ***Commonwealth v. McCoy***, 2006 PA Super. 33, 895 A.2d 18, 34. The Court, however, did not address how the change would apply to offenses, rather than convictions, which occurred prior to the effective date. Here, the new amendment was applied at [Appellant's] sentencing for her DUI conviction after the effective date of December 26, 2014. [Appellant] was on notice of the new sentencing scheme at the time of the offense because the offense occurred after the amendment was approved[, on October 27, 2014]. As such, no *ex post facto* violation occurred in [Appellant's] sentencing.
>
> It is the passage of the statute, giving [Appellant] notice of the punishment, which is dispositive. "Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what

- 10 -

was prescribed when the crime was consummated." **Weaver**, 450 U.S. at 28. Here, the amendment is not being applied to events that occurred prior to its enactment. The amendment was approved, *i.e*. enacted, on October 27, 2014, and the offense in question occurred on December 14, 2014. The legislature specifically included guidance, and notice, that "[t]he amendment of 75 Pa.C.S. § 3806(b) shall apply to persons sentenced on or after the effective date of this section." [Appellant] was on notice at the time the crime was committed that sentencing for the offense after December 26, 2014 would take place pursuant to the amendment.

Trial Court Opinion, 8/20/15, at 4-5.

Our review of the record compels our agreement with the trial court. The amendment to the law in question was signed by the Governor of Pennsylvania on October 27, 2014. Over six weeks later, on December 10, 2014, Appellant committed the instant DUI offense. The amendment to section 3806(b) took effect on December 26, 2014. Furthermore, the legislature specified in the statute that the amendment of section 3806(b) "shall apply to persons **sentenced on or after** [December 26, 2014,] the effective date of this section." Act 2014-189 § 2 (emphasis added).

Appellant was charged with the instant DUI offense on January 23, 2015. On May 20, 2015, Appellant entered her guilty plea. Thereafter, on July 14, 2015, the trial court, applying the amendment to section 3806(b), imposed Appellant's judgment of sentence.

Here, the new law was not applied to events occurring before its enactment, that being October 27, 2014, because the instant offense was committed on December 10, 2014. Moreover, Appellant had fair notice of

the change in the statute as her offense occurred more than six weeks after the amendment to the statute was signed into law. Accordingly, we are satisfied that there was no *ex post facto* violation in the instant matter. As such, we conclude that Appellant's contrary claim lacks merit.

Judgment of sentence affirmed.

Judge Ott joins the Opinion.

Judge Strassburger Concurs in the Result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2016