J-A24010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| BRIAN C. CUNNANE | |
| Appellant | No. 2952 EDA 2015 |

Appeal from the Order August 31, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0000338-2015

BEFORE:  BOWES, OTT AND SOLANO, JJ.

MEMORANDUM BY BOWES, J.:                    **Filed January 20, 2017**

Brian C. Cunnane appeals from judgment of sentence and challenges the denial of a post-sentence motion raising an *ex post facto* challenge to the July 8, 2015 judgment of sentence imposing a period of five to twenty-three months of incarceration.  We vacate and remand.

The facts are straightforward.  On May 10, 2014, Appellant was arrested for driving under the influence ("first DUI") and charged by criminal information.  On August 29, 2014, while awaiting trial on that incident, Appellant again operated a motor vehicle while under the influence ("second DUI").  Following the sentence at the first DUI, imposed on October 8, 2014, the Commonwealth filed a criminal information at the second DUI, on February 13, 2015.  This information charged Appellant with, *inter alia*, one count of driving under the influence – highest tier, graded as a misdemeanor

of the first degree, on the basis that the first DUI constituted a prior offense for purposes of grading.

On July 8, 2015, Appellant appeared for a stipulated bench trial on the second DUI. The trial court found Appellant guilty of driving under the influence – highest tier.[1] Appellant elected to proceed to sentencing, and maintained that for legal purposes he had no prior offenses, as he had yet to be convicted of the first DUI when he committed the instant crimes. The trial court disagreed, applying a statute that was amended and made effective after the August 29, 2014 second DUI incident date.[2]

Appellant filed a timely post-sentence motion for reconsideration, again raising the *ex post facto* issue. On August 31, 2015, the trial court resentenced Appellant to the exact same sentence, but granted parole forthwith.

This timely appeal ensued. Appellant raises one issue, an as-applied challenge to the constitutionality of applying the amended statute to his second DUI conviction:

> Whether it is an *ex post facto* violation of the United States Constitution and Pennsylvania Constitution when the mandatory minimum term of imprisonment, mandatory minimum fine, maximum period of imprisonment/supervision, maximum

---

[1] Appellant was also found guilty of a general impairment DUI charge, and two summary offenses.

[2] We note that Appellant filed a motion on May 26, 2015, seeking to declare the statute unconstitutional as applied, which was denied.

possible fine and the guideline sentencing range for Appellant's driving under the influence conviction increased as a result of the trial court's application of the new version of 75 Pa.C.S. § 3806 that became effective after Appellant committed his criminal act?

Appellant's brief at 5.

We begin by setting forth the change in law and its effect on the instant convictions. In general, both the grading and the applicable penalty for a DUI offense are increased for each prior DUI offense. **See** 75 Pa.C.S. §§ 3803 (grading), 3804 (penalties). Whether a prior DUI offense qualifies as a prior offense for purposes of § 3803 and § 3804 is a statutory issue governed by 75 Pa.C.S. § 3806. On the day Appellant committed the instant crimes, that statute read:

> **(a) General rule.--**Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
> . . . .
>
> **(b) Repeat offenses within ten years.--**The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the present violation occurred for any of the following:
>
> (1) an offense under section 3802;
>
> . . . .

75 Pa.C.S. § 3806. Our Supreme Court made clear in ***Commonwealth v. Haag***, 981 A.2d 902 (Pa. 2009), that subsection (b) overrode the generic provisions in subsection (a). Thus, when applying the recidivist provisions in subsection (b),

> a sentencing court must first ascertain whether conviction on the first violation **occurred before** the offender **committed** the subsequent offense. If no conviction on that previous violation had occurred by the time the offender committed the subsequent violation, pursuant to Section 3806(b), the offender cannot be sentenced as a recidivist on the subsequent violation.

***Id***. at 907 (emphasis in original). Therefore, under ***Haag***, Appellant's first DUI was not a prior offense.

This text as interpreted by ***Haag*** remained on the books until December 27, 2014, when an October 27, 2014 amendment to the statute became effective. The statute, as amended, thereafter read in pertinent part:

> **(b) Repeat offenses within ten years.--**The calculation of prior offenses for purposes of sections 1553(d.2) (relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, whether or not judgment of sentence has been imposed for the violation, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition **within the ten years before the sentencing on the present violation** for any of the following:
>
>     (1) an offense under section 3802;
>
>     . . . .

75 Pa.C.S. § 3806 (emphasis added).[3]  Accordingly, under the prevailing law at the time of sentencing, the first DUI offense qualified as a prior offense, for purposes of both grading and the mandatory minimum penalties.

This appeal requires us to determine the constitutionality of the trial court's application of the revised statute to the criminal conduct which preceded its amendment and enactment.  An *ex post facto* challenge to application of a statute presents a question of law, and our standard of review is *de novo*.  **Commonwealth v. Perez**, 97 A.3d 747 (Pa.Super. 2014).

As a prefatory matter, we note that Appellant challenges application of the statute under the constitutions of both this Commonwealth and the United States.  As our Supreme Court recently stated in **Commonwealth v. Rose**, 127 A.3d 794 (Pa. 2015), the *Ex Post Facto* Clauses in the respective documents are virtually identical and the standards applied are comparable.[4]  **Id**. at 127.  The federal *ex post facto* prohibition

> forbids the Congress and the States to enact any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to

_____

[3] This statute was amended on May 25, 2016, effective immediately.  Thus, the quoted version does not reflect the current language.  The changes are not relevant to the issue raised on appeal.

[4] **Rose** granted relief on federal grounds and did not separately consider whether the sentence also violated his rights under the Pennsylvania Constitution.  We find that Appellant's federal *ex post facto* rights were violated.

that then prescribed." Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed. The ban also restricts governmental power by restraining arbitrary and potentially vindictive legislation.

*Rose*, 127 A.3d at 798 (citations omitted). *Ex post facto* cases are generally classified as falling into one of four categories. *Id*. (citing *Calder v. Bull*, 3 Dall. 386 (1798)). Herein, Appellant argues that his sentence falls under the third category, "Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Id*.

Two conditions must be met for a law to be deemed *ex post facto*. "[I]t must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Id*. at 799 (citation omitted). Appellant's argument that application of the statute to his second DUI satisfies those two critical elements is straightforward. He highlights the fact that, if the trial court had applied the version of § 3806 on the books at the time of his actual conduct, both the grading and the mandatory minimum sentences would have been lower. Therefore, the law is both retrospective and disadvantageous as applied. Appellant cites *Peugh v. United States*, 133 S.Ct. 2072 (2013), a case finding an *ex post facto* violation where a defendant was sentenced under federal guidelines promulgated after the commission of his criminal acts, as controlling.

The Commonwealth counters by arguing that application of the statute is not retrospective, as the amended statute facially applies only to persons sentenced on or after the effective date. Therefore, the statute is not criminalizing any new conduct. Additionally, the Commonwealth maintains that Appellant was not subjected to any greater punishment, as the sentencing statute did not change the penalties associated with a DUI offense. In other words, driving under the influence was a criminal act at all relevant times irrespective of the sentencing statute, and no constitutional error occurs when a court simply recognizes the legislature's expression of an intent to punish a DUI offender more severely for recidivist conduct. "[T]he appropriate penalties are now applied in order to reflect more accurately the legislature's intent to punish more harshly recidivist offenders." Commonwealth's brief at 10. The Commonwealth does not discuss or distinguish *Peugh*, instead relying upon *Commonwealth v. McCoy*, 895 A.2d 18 (Pa.Super. 2006), a case applying § 3806 where the statute was enacted on the same day as the underlying conduct in question.

We agree with Appellant that *Peugh* and related cases mandate reversal. In *Peugh*, Marvin Peugh committed a series of frauds that went undetected for several years. Eventually, federal authorities discovered the crimes and prosecuted, resulting in Peugh's conviction for several counts of bank fraud. At sentencing, the federal judge was required to calculate an applicable sentencing guideline range. Peugh maintained that the

sentencing judge was required to apply the guidelines in existence at the time of his actual conduct. The judge disagreed, applying the version in effect at the time of sentencing.

The United States Supreme Court granted *certiorari* to resolve a circuit split in the Courts of Appeals and ultimately reversed the judgment of sentence, finding an *Ex Post Facto* Clause violation. Notably, the split resolved by the Court was whether the advisory nature of the guidelines saved an otherwise clear *ex post facto* violation:

> At issue here is **Calder**'s third category of *ex post facto* laws, those that "chang[e] the punishment, and inflic[t] a greater punishment, than the law annexed to the crime, when committed." 3 Dall., at 390. Peugh's claim is that the Clause was violated because the 2009 Guidelines call for a greater punishment than attached to bank fraud in 2000, when his crimes were completed. The Government counters that because the more punitive Guidelines applied at Peugh's sentencing were only advisory, there was no *ex post facto* problem.
>
> . . . . The touchstone of this Court's inquiry is whether a given change in law presents a "'sufficient risk of increasing the measure of punishment attached to the covered crimes.'" The question when a change in law creates such a risk is "a matter of degree"; the test cannot be reduced to a "single formula."

*Id*. at 2081–82 (citations and footnotes omitted). Appellant aptly points out that he was not merely subjected to a potentially higher sentence, as the trial court's interpretation *required* it to impose a higher mandatory minimum sentence.

The Commonwealth's brief does not discuss **Peugh**. Instead, the Commonwealth simply observes that the higher mandatory minimum

sentence was of no moment, since the trial court elected to impose an even higher sentence. Presumably, this point is addressed to the "sufficient risk of increasing the measure of punishment" aspect of *Peugh*. In effect, the Commonwealth is treating this appeal as raising a challenge to the trial court's discretion in deviating from the guidelines.

However, the calculation of the guidelines or any deviation therefrom is not at issue. The Commonwealth ignores the fact that the trial court's interpretation resulted in the offense being graded as a misdemeanor of the first degree with a higher mandatory minimum sentence. As set forth *supra*, *Haag* instructed the trial court to treat the second DUI as a first offense. The misdemeanor of the first degree grading applies to a violation of § 3802(c) only if the defendant has a prior conviction as defined by § 3806. Otherwise, it is an ungraded misdemeanor with a maximum of six months imprisonment. As set forth by statute:

> **(b) Other offenses.—**
>
>> (2) An individual who . . . violates section 3802(c) or (d) and who has no prior offenses commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804.
>>
>> . . . .
>>
>> (4) An individual who . . . violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S. § 3803.

- 9 -

Accordingly, the Commonwealth is simply incorrect when it claims Appellant was always subjected to the same punishment. Appellant was not on notice that the statutory maximum was anything other than six months. As our Supreme Court observed in **Rose**, **supra**, "Almost from the outset, we have recognized that central to the *ex post facto* prohibition is a concern for 'the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.'" **Id**. at 798–799 (quoting **Miller v. Florida**, 482 U.S. 423, 430 (1987)). The instant DUI offenses should have been graded as first offenses.

Additionally, the trial court's application of the statute required a higher mandatory minimum sentence. Section 3804 delineates the applicable penalties. A violation of 75 Pa.C.S. § 3802(c), classified as a first offense, subjects the offender to a minimum seventy-two hour period of imprisonment and a fine of $1,000. 75 Pa.C.S. § 3804(c)(1)(i-ii). A second offense, however, subjects the offender to a mandatory minimum of ninety days incarceration, and a fine of $1,500. 75 Pa.C.S. § 3804(c)(2)(i-ii). That the trial court elected to exceed that mandatory sentence is irrelevant. "The presence of discretion does not displace the protections of the *Ex Post Facto* Clause." **Garner v. Jones**, 529 U.S. 244, 255 (2000).

Next, the Commonwealth avers that the statute is not retrospective, since by its language it applies only to sentencing procedures that take place

on or after December 27, 2014. We disagree, as the United States Supreme Court has made clear that the effect of a law, not its form, controls. "The critical question is whether the law changes the legal consequences of acts completed before its effective date." *Weaver v. Graham*, 450 U.S. 24, 31 (1981) (footnote omitted).

The Commonwealth's invocation of *McCoy*, *supra* does not aid its cause. *McCoy* analyzed the applicability of § 3806 as effective on the same day as the DUI in question and, therefore, the defendant had notice of the change in law. That dividing line is the entire point of the *ex post facto* prohibition and it cannot simply be glossed over. Accordingly, we vacate judgment of sentence and remand for proceedings consistent with this memorandum.

Finally, we note that following oral argument in this case, a panel of this Court issued an opinion in *Commonwealth v. Kizak*, --- A.3d ---, 2016 WL 4820659 (Pa.Super. 2016), finding no *ex post facto* violation in reviewing an application of the exact same statutory amendment at issue herein. However, the facts of *Kizak* are distinguishable from the instant case. In *Kizak*, the appellant committed two DUIs, one on September 24, 2014, and one on December 10, 2014. The sentencing court applied § 3806 when imposing sentence on the December 10, 2014 incident, finding that the September DUI constituted a prior offense. *Kizak* determined that no *ex post facto* violation occurred.

Here, the new law was not applied to events occurring before its enactment, that being October 27, 2014, because the instant offense was committed on December 10, 2014. Moreover, Appellant had fair notice of the change in the statute as her offense occurred more than six weeks after the amendment to the statute was signed into law. Accordingly, we are satisfied that there was no *ex post facto* violation in the instant matter.

*Id*. at *5. Thus, **Kizak** holds that a citizen is on notice as of October 27, 2014 of the increased penalties, even though the law did not go into effect until December 27, 2014. Herein, the DUI occurred before October 27, 2014. Hence, **Kizak** is distinguishable.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2017