J-S92004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRUCE TODD GRUVER, | |
| Appellant | No. 1876 WDA 2015 |

Appeal from the Judgment of Sentence November 5, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000072-2015

BEFORE: SHOGAN, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY SHOGAN, J.: **FILED FEBRUARY 9, 2017**

Appellant, Bruce Todd Gruver, appeals from the judgment of sentence entered following his conviction of driving under the influence ("DUI"), general impairment; DUI, highest rate of alcohol; and careless driving. We affirm.

The trial court summarized the facts of this case as follows:

> On August 27, 2014, [Appellant] was arrested for a violation of 75 Pa.C.S.A. § 3802(c) at case numbered CP-10-CR-0001838-2014. On June 22, 2015, [Appellant] entered a guilty plea in that case and was sentenced on July 2, 2015. In the case at hand, [Appellant] was arrested on December 6, 2014 and on September 21, 2015, following a stipulated non-jury trial, this [c]ourt found [Appellant] guilty of violating § 3802(a)(1), general impairment, an ungraded misdemeanor, § 3802(c), highest rate of alcohol, a misdemeanor of the first degree and

---

* Retired Senior Judge assigned to the Superior Court.

the summary offense of careless driving. In accordance with 75 Pa.C.S.A. § 3803(b)(4) [pertaining to grading], this court found that the § 3802(c) conviction was a misdemeanor of the first degree because [Appellant] had a prior conviction of § 3802 within ten (10) years before sentencing at case numbered CP-10-CR-0001838-2014.[1]

Trial Court Opinion, 3/29/16, at 1. Appellant was sentenced as follows: on the DUI, general impairment, no penalty; on the DUI, highest rate of alcohol, second offense, sixty months of intermediate punishment, with the first thirty days to be served in restrictive punishment at the Butler County Prison followed by 335 days on house arrest with electronic monitoring, the costs of prosecution, and a $1,500 fine; and on careless driving, costs of prosecution and a $25 fine. Sentencing Order, 11/5/15, at 1-3.

Appellant timely appealed. The trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant presents the following issue for our review:

I.    Whether the trial court erred by sentencing [Appellant] pursuant to 75 Pa. C.S.A. §3806(b), since [Appellant's] offense was committed on December 6, 2014, prior to the effective date of this statute on December 26, 2014?

Appellant's Brief at 8 (full capitalization omitted).

Appellant challenges the trial court's application of 75 Pa.C.S. § 3806, as effective December 26, 2014 to May 24, 2016. Appellant's Brief at 14. Instead, Appellant asserts, the trial court should have applied the version of

_____

[1]  The term "prior offense" is defined at 75 Pa.C.S. § 3806.

said statute that was effective as of the December 6, 2014 offense ("offense-at-issue"). *Id.* Appellant further argues that:

> The previous version, which was effective on the date of the offense at issue, was nearly identical to the new version with the exception that the . . . text "whether or not judgment of sentence has been imposed for the violation" is omitted. The prior version did not include a pending or subsequently resolved D.U.I. charge as a "prior offense" unless it had resulted in a conviction prior to the offense date for the D.U.I. charge at issue. The new version of the statute defines a "prior offense" to include the pending or subsequently resolved D.U.I. charge as a "prior offense" regardless of whether sentence had been imposed prior to the offense date of the D.U.I. charge at issue. Therefore, Application of the statute in effect as of the date of Appellant's offense results in said offense being treated as a first offense, whereas application of the statute post-dating the offense results in Appellant's offense being treated as a second or subsequent offense.

*Id.* at 14-15. Appellant contends that the trial court's application of the statute that became effective after the date of the underlying offense constituted a violation of the constitutional provision prohibiting *ex post facto* laws as applied to Appellant. *Id.* at 16.

We observe that a challenge to the application of a statute by a trial court presents a question of law. *Commonwealth v. Perez*, 97 A.3d 747, 750 (Pa. Super. 2014). Where an issue presents a question of law, the appellate court's standard of review is *de novo*. *Commonwealth v. Descardes*, 136 A.3d 493, 496-497 (Pa. 2016). In addition, our scope of review in this matter is plenary. *Id*.

This Court recently set forth the principles related to *ex post facto* laws as follows:

Both the United States Constitution and the Pennsylvania Constitution prohibit the enactment of *ex post facto* laws. U.S. Const. art. I, § 10; Pa. Const. art. I, § 17. Our Supreme Court has interpreted these constitutional *ex post facto* clauses to be effectively identical. ***Commonwealth v. Woodruff***, 135 A.3d 1045, 1048 (Pa. Super. 2016) (citing ***Commonwealth v. Young***, 637 A.2d 1313 (Pa. 1993)). The purpose of this proscription is "to preserve for persons the right to fair warning that their conduct will give rise to criminal penalties." ***Commonwealth v. Grady***, 486 A.2d 962, 964 (Pa. Super. 1984). We have explained that "a state law violates the *ex post facto* clause if it was **adopted after** the complaining party committed the criminal acts and 'inflicts a greater punishment than the law annexed to the crime, when committed.'" ***Commonwealth v. Fleming***, 801 A.2d 1234, 1237 (Pa. Super. 2002) (citation omitted; emphasis added). As our Supreme Court observed in ***Commonwealth v. Rose***, 127 A.3d 794 (Pa. 2015), "Almost from the outset, we have recognized that central to the *ex post facto* prohibition is a concern for 'the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.'" ***Id***. at 798-799 (quoting ***Miller v. Florida***, 482 U.S. 423, 430 (1987)).

Moreover, "a statute is not made retroactive merely because it draws upon antecedent facts for its operation." ***Alexander v. Com., Dept. of Transp.***, 880 A.2d 552, 558 (Pa. 2005) (citation omitted). "Retroactive laws have been defined as those which take away or impair vested rights acquired under existing laws, create new obligations, impose a new duty, or attach a new disability in respect to the transaction or consideration already past." ***Id***. at 559 (citation omitted).

> The constitutional provision prohibiting *ex post facto* laws serves as a limitation on the legislature. It is a proscription which attempts "to preserve for persons the right to fair warning that their conduct will give rise to criminal penalties." It has been said that a law will be found constitutionally infirm on grounds that it is an *ex post facto* law only where one of the following effects is present:
>
>> 1. The law makes an act criminal which was not criminal when done;

> 2. The law aggravates a crime -- one which makes it greater than it was when committed;
>
> 3. The law changes a punishment, and makes it greater than it was when a punishable act was committed;
>
> 4. The law alters the rules of evidence and requires less or different testimony than the law required at the time the offense was committed in order to be convicted.

> *Grady*, 486 A.2d at 964 (citations omitted). Furthermore, "in order for a criminal or penal law to be deemed an *ex post facto* law, 'two critical elements' must be met: 'it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it.'" *Rose*, 127 A.3d at 799 (quoting *Weaver v. Graham*, 450 U.S. 24, 29 (1981)). As the United States Supreme Court explained, "A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law." *Landgraf v. USI Film Products*, 511 U.S. 244, 269 (1994) (citations omitted). Instead, "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Id*. at 269-270.

*Commonwealth v. Kizak*, 143 A.3d 854, 856-857 (Pa. Super. 2016).

The relevant statute is 75 Pa.C.S. § 3806, which addresses the calculation of prior DUI offenses to determine whether a defendant is a repeat offender for sentencing purposes. The statute originally was signed into law on September 30, 2003, and took effect on February 1, 2004. A subsequent amendment was enacted on October 27, 2014, and became effective December 26, 2014. P.L. 2905, No. 189 (Act 2014-189). The

following is the pertinent language of the statute, with the new language shown in italics and the deleted language shown with a "strikethrough" line:

> **(b) Repeat offenses within ten years. -** The calculation of prior offenses for purposes of sections 1553(d.2)(relating to occupational limited license), 3803 (relating to grading) and 3804 (relating to penalties) shall include any conviction, *whether or not judgment of sentence has been imposed for the violation,* adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition within the ten years before the ~~present violation occurred~~ *sentencing on the present violation* for any of the following:
>
> (1) an offense under section 3802;
>
> (2) an offense under former section 3731;
>
> (3) an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction; or
>
> (4) any combination of the offenses set forth in paragraph (1), (2) or (3).

75 Pa.C.S. § 3806(b).

Thus, under the 2014 amendment, the triggering event of the ten-year "look back" period for determining prior offenses became the date of sentencing and was no longer the date that the offense occurred. Additionally, the calculation of prior offenses was deemed to include any previous conviction, whether or not judgment of sentence had been imposed for the violation, within the ten-year "look-back" period. Also, Section 2 of Act 2014-189 provides that the amendment of section 3806(b) "**shall apply to persons sentenced** on or after [December 26, 2014,] the effective date of this section." Act 2014-189 (emphasis added).

- 6 -

We addressed this issue in a strikingly similar scenario in **Kizak**, 148 A.3d 854. In **Kizak**, the appellant was charged on January 23, 2015, with count 1: DUI, general impairment, pursuant to 75 Pa.C.S. § 3802(A)(1) and Count 2: DUI, highest rate of alcohol pursuant to 75 Pa.C.S. § 3802(B) for conduct that occurred on December 10, 2014. **Id.** at 855. The appellant entered a guilty plea on May 20, 2015, and was sentenced on July 14, 2015. **Id.** Kizak was sentenced as a second-time offender because she was also charged with a prior DUI for conduct that occurred on September 24, 2014, for which she was accepted into the Accelerated Rehabilitation Disposition (ARD) program. **Id.** The appellant argued that the trial court erred when it determined that her DUI was a second offense by applying the new DUI statute effective December 26, 2014, *ex post facto* to an offense that occurred on December 10, 2014. **Id.** at 856. This Court, however, concluded that there was no *ex post facto* violation. **Id.** at 859-860. The 2014 amendment was enacted on October 27, 2014, and the apellant's offense occurred six weeks after that enactment, on December 10, 2014. **Id.** at 860. Thus, when the offense occurred, the law had already been enacted. **Id.**

Here, Appellant's offense-at-issue occurred on December 6, 2014. Thus, the 2014 amendment was not applied *ex post facto* to events occurring before its enactment on October 27, 2014. **Kizak**, 148 A.3d at 857 ("A state law violates the *ex post facto* clause if it was adopted **after**

- 7 -

the complaining party committed the criminal acts and 'inflicts a greater punishment than the law annexed to the crime, when committed.'") (emphasis added). Moreover, Appellant had fair notice of the change in the statute as his offense occurred more than six weeks after the amendment to the statute was signed into law.

We also note that Appellant was not charged on the December 6, 2014 offense until January 15, 2015, which was after the effective date of the statute. Additionally, Appellant was sentenced on November 5, 2015, well after the effective date of the amendment, in compliance with the statute. **Kizak**, 148 A.3d at 860 ("The amendment of 75 Pa.C.S. § 3806(b) shall apply to persons sentenced on or after [December 26, 2014]."). Accordingly, we are satisfied that there was no *ex post facto* violation in the instant matter. As such, we conclude that Appellant's contrary claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/9/2017