J-E03004-18

2019 PA Super 117


COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT
OF PENNSYLVANIA

Appellee

v.

DANIEL C. WOOD

Appellant | No. 1193 MDA 2017


Appeal from the Judgment of Sentence Entered June 29, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-0001382-2013


COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT
OF PENNSYLVANIA

Appellee

v.

DANIEL C. WOOD

Appellant | No. 1194 MDA 2017


Appeal from the Judgment of Sentence June 29, 2017
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-0001758-2017

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., BOWES, J., PANELLA, J,
LAZARUS, J., OTT, J. STABILE, J., DUBOW, J., and MURRAY, J.

CONCURRING OPINION BY STABILE, J.:          **FILED APRIL 15, 2019**

I join the Majority's well-reasoned opinion, but write separately to

express my opinion that **Commonwealth v. Kizak**, 148 A.3d 854 (Pa. Super.

2016), should be overruled in its entirety.  Today, in conformity with the *Ex*

*Post Facto* Clause,[1] we hold that a law is unconstitutional as applied because it imposes increased punishment to an offense that pre-dated its effective date. This Court in **Kizak** affirmed a conviction where the defendant received a greater penalty under a statute whose effective date post-dated the defendant's offense. The Majority tries to salvage **Kizak** as being distinguishable from this case upon the basis that this Court in **Kizak** was simply attempting to honor the legislature's intent.

I would overrule **Kizak** in its entirety, because it is clear after today's holding that no part of the **Kizak** opinion remains good law.[2] The Majority, however, distinguishes **Kizak** because **Kizak** addressed a statute that expressly applied only to offenders sentenced after its effective date. Thus, according to the Majority, the **Kizak** decision honored the legislature's intent. To the extent the Majority's distinction of **Kizak** implies that **Kizak** remains good law, I disagree. The statute at issue in **Kizak**, in providing for increased punishment to offenses that pre-dated it, directly violated the *Ex Post Facto*

---

[1] U.S. CONST. art. I, § 9, cl. 3, art. I, § 10, cl. 1.

[2] Likewise, this Court's opinion in **Commonwealth v. McGarry**, 172 A.3d 60 (Pa. Super. 2017), **appeal denied**, 185 A.3d 966 (Pa. 2018), is no longer good law to the extent that it relied on **Kizak**.

Clause as it was applied in that case. No statement of legislative intent could repair that constitutional infirmity.[3]

Furthermore, precedent from the United States Supreme Court strongly supports my position. In addition to **Weaver v. Graham**, 450 U.S. 24 (1981), analyzed in depth in the Majority Opinion, the Supreme Court in **Peugh v. U.S.**, 599 U.S. 530 (2013), held that a change in the federal sentencing guidelines violated the *Ex Post Facto* Clause where the sentence range would have been 30 to 37 months when the defendant committed the offense, but was 70 to 87 months at the time of sentencing. *Id.* at 534. Thus, application of the guidelines **in effect at the defendant's sentencing** created a significant risk of a higher sentence than the law in place **at the time of the offense**. *Id.* at 550.

Similarly, in **Miller v. Florida**, 482 U.S. 423 (1987), **abrogated as stated in Peugh**, 599 U.S. at 541 n.4, Florida's sentencing guidelines specified a presumptive sentence of 3½ to 4½ years of incarceration when the defendant committed his offense on April 25, 1984. *Id.* at 424, 427. On May 8, 1984, the Florida Supreme Court proposed new guidelines, and the Florida

---

[3] By way of example, our Supreme Court held that SORNA's registration provisions were punitive, despite the General Assembly's stated intent of promoting public safety "through a civil, regulatory scheme." **Commonwealth v. Muniz**, 164 A.3d 1189, 1209-10 (Pa. 2017), **cert. denied**, 138 S. Ct. 925 (2018). The General Assembly's stated intent did not prevent our Supreme Court from holding that SORNA's registration requirements constituted criminal punishment.

legislature adopted those recommendations, to be effective on July 1, 1984. *Id.* at 427. The new guidelines provided a presumptive sentence of 5½ to 7 years of incarceration for the same offense. *Id.* at 424. The defendant was convicted in August of 1984 and sentenced on October 2, 1984, under the guidelines that had taken effect on July 1 of that year. *Id.* at 427. The Florida Supreme Court held that "the trial court may sentence a defendant pursuant to the guidelines **in effect** at the time of sentencing." *Id.* at 428 (emphasis added). The United States Supreme Court reversed that holding. *Id.* at 429. Quoting *Weaver*, the *Miller* Court noted that a law is retrospective, for purposes of the *Ex Post Facto* Clause, if it "changes the legal consequences of acts completed **before its effective date**." *Id.* at 430 (quoting *Weaver*, 450 U.S. at 31) (emphasis added).

As in *Weaver*, the *Miller* and *Peugh* Courts did not have occasion to address a law that had been enacted but had yet to take effect. Also like *Weaver*, the *Miller* Court appeared not to distinguish between the enactment of a law and its effective date:

> The law at issue in this case, like the law in *Weaver*, 'makes more onerous the punishment for crimes committed before its **enactment**.' *Weaver, supra,* 450 U.S., at 36, 101 S.Ct., at 968. Accordingly, we find that Florida's revised guidelines law, 1984 Fla. Laws, ch. 84-328, is void as applied to petitioner, whose crime occurred before the law's **effective** date.

*Id.* at 435–36 (emphasis added).[4]

Nonetheless, I do not believe a law's passage date provides fair warning of the applicable punishment under **Weaver**, **Miller**, and **Peugh**. **See Peugh**, 569 U.S. at 544 (noting that the *Ex Post Facto* Clause requires fair warning of the applicable punishment). To hold otherwise would replace fair warning with unfair speculation, because two people who commit identical offenses on the same day can receive different penalties if one is convicted and sentenced before the effective date[5] but the other is not. In this scenario, I do not believe either offender has fair warning of the applicable punishment. Both are at the mercy of the speed of the justice system, and the same is true for all persons whose offense falls between a law's passage and its effective date.[6] Thus, the passage of a law does not provide fair warning that all future

---

[4] In **Peugh** and **Miller**, the parties disputed whether amended guidelines constituted an increased in punishment. Instantly there is no question after **Muniz** that SORNA's registration requirements constitute punishment, nor is there any question that SORNA's registration requirements are more onerous that Megan's Law III, its statutory predecessor.

[5] Obviously, no court has statutory authority to impose sentence under a law that has yet to take effect. This point further illustrates why the Majority's distinction of **Kizak** is not meaningful.

[6] The Majority, in raising this point, seems concerned about the potential for disparate treatment of similarly situated offenders. I believe that concern is valid, but it does not directly implicate the *Ex Post Facto* Clause. Another potential concern, not directly related to the *Ex Post Facto* Clause, is the potential for the prosecution to have an unfair advantage in pressing for an early guilty plea.

offenses will be subject to harsher punishment. The Majority's holding eliminates any uncertainty, and any concern about fair notice, by limiting the applicability of a greater penalty to offenses committed on or after its effective date.

Given the bright-line rule that the Majority correctly draws, *Kizak* is no longer good law. I would therefore expressly overrule *Kizak* in its entirety because it is abundantly clear that the outcome in *Kizak* could not happen after our holding today.[7]

President Judge Emeritus Bender and Judge Bowes join this Concurring Opinion.

---

[7] This result would not impact the continued validity of the statute at issue in *Kizak*, only its application in that case.